## JAMES HOFFMIRE V. ALFRED W. RICE.

TAX DEED ANNULLED; *Possession thereunder; Rents; Set-off.* R. was in the possession of certain real estate under a tax deed, and rented the same to H. for a rental of $10 per month. Afterward S., the original owner, commenced an action against R. for the property, which action resulted as follows: "It was decided and adjudged by the court, that the said tax deed be set aside and annulled, and that said S. recover possession of said premises upon payment to said R. of the sum of $135.65, the amount of taxes, penalties and interest due upon said tax deed, in accordance with the provisions of § 117 of the tax law of 1868." (Gen. Stat., p. 1057; see also Comp. Laws of 1879, pp. 967, 968, § 142.) S. afterward executed a quitclaim deed for the premises to H., and H. continued to occupy the premises. *Held,* That until said sum of $135.65 taxes is paid to R., he is entitled to the possession of the property, without paying rents or anything else, and that in the meantime he is entitled to receive rents from H. although the amount of the rents may in the meantime exceed the said sum of $135.65 taxes. The rents cannot be set off against the taxes.

*Error from Dickinson District Court.*

ACTION for rent, brought by *Rice* against *Hoffmire,* and tried at the March Term, 1878, of the district court, when judgment was given for plaintiff and against defendant, who brings the case here.

*McClure & Humphrey,* for plaintiff in error.

*Mahan & Stambaugh,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Alfred W. Rice against James Hoffmire, for rent. The land for which the rent was claimed belonged originally to one Christian Mullin. But Mullin failing to pay the taxes thereon, Rice procured a tax title thereto. Rice then took possession of the property, and afterward rented it to Hoffmire for a rental of $10 per month. Mullin afterward executed a quitclaim deed for the property to one R. N. Smith, who then commenced an action against Rice for the property, which action resulted as follows: "It was decided and adjudged by.

the court, that said tax deed be set aside and annulled, and that said R. N. Smith recover possession of the said premises upon payment to said Rice of the sum of $135.65, the amount of taxes, penalties and interest due upon said tax deed, in accordance with the provisions of § 117 of the tax law of 1868." (Gen. Stat., p. 1057; see also Comp. Laws of 1879, pp. 967, 968, § 142.) Smith failed to pay said $135.65, or any part thereof, and therefore failed to get the possession of said property, and Rice, through his tenant (Hoffmire), still continued to occupy the same. Afterward, and on January 2, 1874, Smith executed a quitclaim deed for the premises to Hoffmire, who from that time on failed and refused to pay any more rent to Rice. On June 1, 1875, Rice sued Hoffmire for the rent, and obtained a judgment therefor for $180. On July 21, 1876, Hoffmire paid Rice said $135.65, taxes; and on January 4, 1877, paid said $180 rent. This present action was brought January 5, 1878, for rent alleged to have accrued from June 1, 1875, up to July 21, 1876. The court below found in favor of the plaintiff and against the defendant, and rendered judgment accordingly for $136.66; and to reverse this judgment the defendant below, plaintiff in error, now institutes this petition in error.

We do not think that the court below erred. The judgment rendered in the case of Smith v. Rice is conclusive as between the parties and all persons holding under them; and under that judgment Rice had the right to hold the possession of the property without paying rent or anything else, until said $135.65 taxes were paid to him. And as Rice had the right to so hold the possession of the property until said $135.65 taxes were paid to him (which payment was made on July 21, 1876), and as Hoffmire was his tenant, Rice had the undoubted right to recover rent from Hoffmire up to that time. The rents cannot be set off against the taxes. This is also in accordance with the statutes above referred to. We are presuming, of course, that Rice was under no legal or moral obligation to pay the taxes, that he had a perfect right to purchase the property for the taxes, that the taxes were

legal, and that it was merely for some irregularity in the tax proceedings for which said tax deed was set aside.   The giving the tax-title holder the right to the possession of the property until the taxes are paid, is one of the means employed by the state to enforce the prompt payment of taxes.

The judgment of the court below will be affirmed.

All the Justices concurring.