E. D. ROSE v. SAMUEL NEWMAN.

EJECTMENT—*Rights of Person Holding Under Tax Deed.* Where the holder of a tax deed is defeated in an action for the recovery of land sold at the tax sale and described in the tax deed, and the successful claimant is adjudged to pay the holder of the tax deed the taxes, interest, costs, etc., as allowed by law, before he is let into possession, such holder of the tax deed is entitled to retain the possession of the land until the successful claimant pays the taxes, interest, costs, etc., as required of him by the judgment of the court.

*Error from Jackson District Court.*

THE opinion states the facts.

*Keller & Noble,* for plaintiff in error.

*James H. Lowell,* for defendant in error.

Opinion by STRANG, C.: Action of ejectment by E. D. Rose against Samuel Newman, to recover the possession of lot No. 20, in the city of Holton, Jackson county, Kansas. One McHugh purchased said lot at a tax sale in 1867, and afterward sold the same to the plaintiff. The plaintiff leased said lot to Naylor & Williams, who agreed to pay the taxes on the lot for the use of it. Naylor & Williams erected a barn on the lot and carried on a livery business therein. Afterward Williams sold his interest in the business and the lease to a man named Tucker, who, with Naylor, carried on the business for some time, when they both sold out to the defendant, who, with the consent of the plaintiff, took possession of the premises under the lease of the plaintiff to Naylor & Williams. Before the said lease expired, one Linscott brought an action against this plaintiff to recover the possession of the lot. In that case the court adjudged the tax deed under which Rose claimed the land void, and that Linscott was the owner of the lot in fee, and also entitled to the sum of $400, for the use of the land, from Rose, but found that Rose was entitled to $141.97 for taxes paid on said lot and interest thereon, and adjudged that Linscott should pay to Rose said sum of $141.97, before he should be let into possession of the premises. Execution was issued on said judgment against Rose for the $400 adjudged to Linscott for the use of said lot, and that sum, with interest and cost of the execution, collected. Linscott did not pay Rose the $141.97, nor did any one else ever pay Rose said sum, or any part thereof. After Linscott recovered judgment against Rose, as above stated, he sold his interest in said land to one Wilson, and gave a bond for a deed; and, after several transfers, the defendant, Newman, while still holding possession of the lot under the lease from Rose, purchased the Linscott title to said land, obtaining quitclaims from the several parties through

whom it had passed, and also of Linscott and wife. Some time afterward, and after the expiration of the lease under which Newman was holding, Rose notified him to quit and surrender the possession of the premises to him, which Newman refused to do, and Rose brought this suit to recover the premises. At the March term, 1888, the case was tried by the court without a jury, resulting in a judgment for the defendant. The plaintiff brings the case here for review.

The question is, was this judgment right under the evidence as it appears in the record? We do not think it was. It is conceded that Rose was in possession of the lot when he leased to Naylor & Williams, and that Newman went into possession under said lease as the tenant of Rose, and he should have surrendered his possession to Rose. Newman justified his refusal to surrender the possession of the lot to Rose by asserting that, during the life-time of the lease and while he had a right to the possession under the same, the court, in the case of Linscott against Rose, had adjudged the land to Linscott in fee, and that he had purchased Linscott's title. This was true; but did that give him the right of possession of the lot? We think not. The same adjudication which decreed Linscott the owner in fee of said lot also declared that Linscott should not have possession of the same until he paid Rose the $141.97 due him under the law for taxes paid and interest thereon. Who was entitled to the possession of the lot in the meantime, until the $141.97 was paid to Rose? Manifestly Rose was. Newman's right to the possession under the lease had expired, and there was no one else that had any claim of right to possession under the decree in the case of Linscott against Rose except Linscott, and he could not obtain the possession of said lot until he had paid Rose his $141.97. If Linscott could not get possession without first paying the amount adjudged to Rose, he could not, by selling his interest in the lot to Newman, give Newman any right to the possession until the money was paid to Rose, and the condition upon which the possession could be obtained from Rose was complied with.

It is asserted that Newman made a tender of payment to

Rose of the amount of his lien on the lot. An examination of the evidence satisfies us that no tender was ever made. The evidence of Newman himself completely refutes any claim of tender. The offer of $150 by Newman to Rose was a mere offer to settle or compromise the matter relating to their conflicting claims to the lot. Newman testified that, at the time he talked with Rose and offered to settle and pay Rose $150, he did not know how much the claim of Rose under the judgment of the court in the case of Linscott against Rose amounted to; that he had never figured it up. A little calculation of interest shows that the Rose claim amounted to more than $150 at the time Newman told Rose he would give him $150 to settle the matter. The evidence of Rose is, that Newman offered him $150 for a quitclaim deed to the lot, and the evidence of Newman, on cross-examination, harmonizes with this view. Rose being in possession of the lot by his tenant Newman when the suit of Linscott against him was brought and decided, and the court in that case having adjudged that Linscott should not have possession of the lot until he paid Rose the amount of his claim, and said claim never having been paid, Rose remained in possession, and had the right of possession that was wrongfully withheld from him by Newman after the expiration of the lease and the service upon him by Rose of notice to quit, and had, therefore, the right of possession at the commencement of this suit. It is therefore recommended that the judgment of the district court be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.