## GEORGE P. UHL v. H. T. SMALL *et al.*

1. TAX TITLE —*Purchase by Tenant—No Estoppel.* A tenant in possession of real property, for the use of which he neither agrees to pay rent nor taxes, is not bound, merely because of such occupancy, to redeem the property from back taxes, nor is he estopped from afterward buying in a tax title based on a tax sale made prior to his taking possession of the same.

2. REMOVAL OF BUILDINGS—*Valid Counterclaim—Lien for Taxes Paid.* Though a party in possession of lands under an invalid tax deed is not chargeable with rents or profits until repayment to him of the amount of taxes he has paid, with interest, etc., allowed by law, if he removes from the lands and converts to his own use valuable buildings which were on the lands when the taxes were levied, the value of such buildings will be a valid counterclaim against his lien for taxes; and in determining the amount of taxes, etc., which the successful party in an action of ejectment to recover the property shall be required to pay before being let into possession, the court should deduct therefrom the value of the buildings so removed by the parties holding under the tax deed.

### Error from Wilson District Court.

ACTION by *Uhl* against *Small* and others to recover possession of property. From a judgment for possession by plaintiff, upon payment to defendants of the amount paid by them

as taxes on the property, plaintiff brings error. The facts appear in the opinion herein, filed February 9, 1895.

*George P. Uhl,* plaintiff in error, for himself.

The opinion of the court was delivered by

ALLEN, J.: The plaintiff, Uhl, brought suit to recover the south half of lot four, in block nine, in the city of Fredonia. The defendants answered, denying his title. On the trial, it was admitted that the plaintiff was the owner of the land, unless the title of John Risse, the plaintiff's grantor, had been divested by a tax deed, under which the defendants claim. The tax deed offered in evidence shows that a number of distinct tracts were sold together for one gross sum, and on the issue as to the title to the property the court found in favor of the plaintiff. The defendants thereupon made application for a determination of the amount of taxes paid by them, and those under whom they claimed. At a subsequent term of court this matter was considered. The tax deed bears date June 9, 1875, and it is based on the taxes for the year 1871.

It appears from the evidence that about the year 1874 John Risse, who then owned the property, put it in charge of Charles Blume to sell. At that time there was a shop, which he used for a stable, and a small house on the half lot. Blume continued in charge of the property until after the tax deed was issued, and thereafter he paid rent to Roadcap, the grantee named in the tax deed. Afterward Blume bought the property from the administrator of Roadcap's estate, and the title of the defendants was derived through mesne conveyances from Blume. There is evidence to the effect that the shop was worth about $90, and the house about $50, and it appears that Roadcap moved the house off the lot into the country, and that Erp, to whom Blume conveyed, moved the stable off. Two questions are argued by the plaintiff in error: First. It is claimed that Blume, being in possession of the lot, was bound to pay the taxes on it, and that when he took the con-

veyance from Roadcap it operated as a redemption of the lot. This contention is not sound. There is nothing to indicate any obligation resting on Blume to pay the taxes of 1871, for which the land was sold. He was not in possession of the property until 1873 or 1874, and, of course, was under no obligation whatever, in the absence of any agreement to do so, to pay any back taxes. *Duffitt v. Tuhan*, 28 Kas. 292, has no application to the facts in this case. The second contention is, that the parties holding under the tax deed, having converted to their own use the buildings on the lot which gave to it its chief value, and on which the taxes forming the basis of their title were levied, cannot retain these improvements and also charge the bare lot with the whole amount of taxes. In this claim, we think the plaintiff is right. The party in possession under an invalid tax deed has a right to retain possession of the land, and is not chargeable with rent until repayment of the amount of taxes due him. (*Hoffmire v. Rice*, 22 Kas. 749; *Rose v. Newman*, 47 id. 18.) But this is not a question of mere use and occupation of the land, and enjoyment of the rents and profits thereof. The defendants have taken away a part of the realty itself. The half lot with these buildings on was assessed in 1872 at $250, while the north half of the same lot was assessed at only $50, and there is evidence tending to show that the different portions of the lot, exclusive of buildings, were of about equal value. It is manifestly unjust to allow a tax purchaser to convert to his own use buildings which give the principal value to the property, and hold a lien on the bare land for taxes imposed mainly because of the value of the buildings. The court should have deducted the value of the buildings removed by those holding under the tax deed from the amount of taxes found due the defendants, requiring payment of the balance only, if any, before letting the plaintiff into possession of the property. As the value of these buildings was not found by the court, and different valuations are placed on them by different witnesses, we cannot direct the entry of a proper judgment. The case is therefore remanded for determination of

the amount of the lien of the defendants for taxes, in accordance with the views herein expressed.

All the Justices concurring.