GEORGE M. NOBLE *et al.* v. WILLARD R. DOUGLASS.
No. 7720.

1. TAX DEED—*Premature Issue—Tender of Redemption—Evidence.* The premature issuance of a tax deed before the expiration of six months after the assignment of a sale certificate under chapter 43 of the Laws of 1879 does not affect the right of the landowner to redeem at any time within six months after such assignment; and where a sufficient tender is made in time, though after a tax deed has been actually executed, the owner of the land may, for the purpose of sustaining his tender of redemption, show the fact that the deed was prematurely executed, and that his offer to redeem was made within six months after the sale certificate was in fact assigned, notwithstanding a recital in the tax deed which shows that the sale certificate was issued six months before the date of the deed.

2. EVIDENCE—*Stubs of Tax-sale Certificates.* For the purpose of avoiding a tax deed, the plaintiff was permitted to introduce in evidence a bound book of stubs of tax-sale certificates, without any further showing than that it was found in the vault of the office of the county treasurer of the county, and was the stub-book of tax-sale assignments. *Held*, Error.

3. RENTS AND PROFITS—*Liability of Heirs.* Persons in possession of lands, claiming as heirs at law of a deceased person, are not liable personally for rents and profits received by their ancestor, under whom they claim, when there is no showing that any portion of such rents and profits have come into their possession.

*Error from Jefferson District Court.*

ACTION of ejectment by Willard R. Douglass against George M. Noble and others. Plaintiff recovered judgment, and defendants bring the case to this court. All the material facts are stated in the opinion herein, filed November 9, 1895.

*Keeler & Welch*, for plaintiffs in error.

*John C. Douglass*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : This was an action of ejectment brought by Willard R. Douglass against George M. Noble and others, as defendants, to recover a quarter-section of land in Jefferson county. The plaintiff claimed title under a tax deed to John C. Douglass, based on the taxes of 1863, and a quitclaim deed from John C. Douglass and wife to him. The defendant claimed title under a tax deed, based on a sale for the taxes of 1873 to the county, and an assignment of a tax-sale certificate in accordance with chapter 43 of the Laws of 1879, authorizing the county commissioners to compromise delinquent taxes. The deed bears date March 6, 1880, and recites the issuance of a sale certificate by authority of the county commissioners

on the 4th day of September, 1879. On the 18th of June, 1880, John C. Douglass, as the agent of the plaintiff, tendered to the holder of the tax deed a sum of money, which, if the tender was in time, was sufficient in amount to redeem the land. The tender was refused.

This action was commenced on October 27, 1887. On the trial the plaintiff, in order to show that he had a right to redeem the land at the time the tender was made, offered evidence tending to prove that the tax-sale certificate on which the defendant's deed was issued was not executed by the treasurer and assigned by the county clerk on the 4th day of September, as recited in the deed, but that it was in fact so executed and assigned in February, 1880. The trial court found that the sale certificate was assigned by the county clerk to Mary J. Pryor, under whom the defendants claim, on the 11th of February, 1880, and the plaintiff's tender was therefore made within the six months allowed by the act of 1879 for redemption.

I. It is contended by counsel for plaintiffs in error, with much earnestness and ability, that after the expiration of five years from the date of the tax deed its recitals with reference to the assignment of the sale's certificate, as well as all other matters except the payment of the taxes, become conclusive; that the statutory limitation requiring an action to recover the land to be brought within that time protects the holder of the tax deed against all contradiction of such recitals; that the testimony introduced by the plaintiff, ostensibly for the purpose of showing a tender of redemption, in fact tended to show the absolute invalidity of the deed, because issued before the law authorized its issuance. Section 141 of the tax law reads:

"Any suit or proceeding against the tax purchaser,

his heirs or assigns, for the recovery of lands sold for taxes, or to defeat or avoid a sale or conveyance of lands for taxes, except in cases where the taxes have been paid or the land redeemed as provided by law, shall be commenced within five years from the time of recording the tax deed, and not thereafter." (¶ 6995, Gen. Stat. 1889.)

Under the law of 1879, the plaintiff had the right to redeem the land at any time within six months after the assignment of the sale certificate. The county clerk could not deprive him of this right by prematurely issuing a tax deed. He had an unqualified and absolute right to redeem his land at any time within the six months, and a tender of the required amount was equivalent, for the purpose of avoiding the bar of the statute, to payment. The exception contained in section 141, above quoted, is unqualified. Where payment of the taxes has been made, or a tender equivalent to payment, the statute does not run, and affords no protection to the holder of the tax deed. We perceive no valid ground on which we can, by construction, qualify, limit or avoid the full scope of the exception as made in the law.

II. On the trial, J. C. Douglass testified :

"I found what they call a stub-book of tax-sale assignments of this kind, which satisfied me that I had evidence to sustain my own position, and then I proceeded as soon thereafter as I could to make this tender, on the theory that the assignment was not made until February, after I had examined the record."

The record recites that

"The plaintiff offered in evidence a bound book of stubs of tax-sale certificates, and offered testimony of the county treasurer of said county, showing that said book was found in the vault of the office of the county treasurer of said county, and that the same was the stub-book referred to by J. C. Douglass in his testi-

mony above given. In this stub-book, the stubs generally were in the order of the dates of the assignments of the tax-sale certificates, respectively, but the stub of the certificate in question was found between stubs of certificates the dates of the assignments of which were in February, 1880.''

This evidence was duly objected to, but the court admitted it. This stub-book was not admissible under section 387 of the code of civil procedure. It could hardly be called a book of account, and there was no proof whatever as to when the entries were made, who made them, nor of their correctness. Nor are we able to perceive how it was admissible under paragraph 4483 of the General Statutes of 1889. Our attention is not called to any law requiring any such book to be kept. It was suggested on the argument that, by section 67 of chapter 25 of the General Statutes of 1889, the treasurer is required to keep just and true accounts of the receipts and expenditures of his office in a book or books for that purpose, and that section 156 of the tax law makes it the duty of the auditor and attorney general to prepare and transmit to the county clerk general forms and instructions. Our attention is not called to any instruction requiring the keeping of this stub-book, nor are we able to find, either in the law or the case-made before us, anything indicating what entries, if any, should appear in the stub-book. We cannot take judicial notice of the action of the auditor and attorney general under this section, nor of the instructions they may have issued thereunder to county clerks. The stub-book was improperly admitted in evidence. As this evidence seems to have been mainly relied on by the plaintiff to show the time when the sale certificate was in fact assigned the error was material, and compels a reversal of the case.

III. There was also error in rendering judgment against all the defendants except Thompson and Polk for $700 damages for the use and occupation of the land.

The finding of the court is that Hannah E. Hillyer took possession of the land and held it until her death, which the record shows occurred on the 29th of April, 1887. The defendants against whom judgment was rendered are her heirs. The mere fact that they are such heirs does not render them personally liable for her debt, and there is nothing in the record to show that they have received, either as her heirs or otherwise, the proceeds of the rents and profits of the land.

Judgment reversed, and a new trial ordered.

All the Justices concurring.