## DAVID RITCHIE v. L. A. WILL.

### No. 355.*    ( 58 Pac. 118.)

TAX TITLE—*Holder in Possession—Rents and Profits.* One in possession of land under a voidable tax deed need not account for rents thereof until he has been paid or tendered the taxes, interest and charges required for redemption.

Error from Saline district court ; R. F. THOMPSON, judge.    Opinion filed July 18, 1899. · Reversed.

---

*Reversed by supreme court April 7, 1900.  See 61 Kan. 715, 60 Pac. 734.—REP.

*David Ritchie*, and *Geo. D. Abel*, for plaintiff in error.
*Burch & Burch*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. :  The only question presented in this case is, Does the law give the holder of a voidable tax deed, in possession of the property thereunder, a right to the rents and profits of the property accruing after the commencement of the suit and before judgment, in case his title under the tax deed is defeated, and he is adjudged to have a lien upon the premises for taxes paid thereunder, and where it is further adjudged in the case that the defendant holding .the legal title shall not be let into possession under his judgment on his cross-petition until he pays such taxes, interest, and penalties ?

It has been adjudged by the supreme court that he is entitled to such rents without any accountability therefor to the owner of the paramount title after such judgment and before the lien shall be discharged by payment. (*Hoffmire v. Rice*, 22 Kan. 749.)  In *Uhl v. Small*, 54 Kan. 651, 39 Pac. 178, the supreme court said, in the second paragraph of the syllabus :

"Though a party in possession of lands under an invalid tax deed is not chargeable with rents or profits until repayment to him of the amount of taxes he has paid, with interest, etc., allowed by law, if he removes from the lands and converts to his own use valuable buildings which were on the lands when the taxes were levied, the value of such buildings will be a valid counterclaim against his lien for taxes."

If we give to this language the construction it fairly requires, we must say that the holder of a voidable tax deed in possession thereunder is not chargeable with rents and profits until the taxes and interest

have been repaid to him by the holder of the paramount title, because it says that a party in possession under a valid tax deed is not chargeable with the rents and profits until the taxes, etc., have been repaid to him. It does not say that the judgment determines his right thereto. It does not say that he is not chargeable with rents accruing after such judgment. The supreme court has further said, in the Hoffmire case, that this is one method by which the legislature attempts to enforce the prompt payment of taxes.

Counsel for the defendant in error say that neither of these cases is in point; that neither contains a principle applicable to this case. The rents sought to be recovered in this case were rents which the defendant received as a stakeholder between the assignor and one Barnes. York, the assignor, was in possession under a tax deed which was adjudged to be invalid. He began the action to quiet his title. The defendant Barnes denied his title and right of possession and sought to recover the property from him. While the action was pending, Will, the defendant, was appointed by the parties to collect the rents as as they accrued after the commencement of the suit. The tax deed was adjudged invalid. The amount of the tax lien was determined by the court, and it was further adjudged that Barnes be not let into possession against York until he should pay the taxes, etc. These he immediately paid and immediately became entitled to the possession of the property under the judgment.

It is contended by counsel for defendant in error, who had judgment in the court below, that it requires a judgment declaring the lien to fix the right of the holder of the tax deed to rents, and the right thereto

only accrues with the rendition of the judgment and terminates with its discharge.    In support of this contention they cite the following cases from our supreme court: *Gatton v. Tolley*, 22 Kan. 678; *Smith v. Auld*, 31 id. 262, 1 Pac. 826; *Rose v. Newman*, 47 id. 18, 27 Pac. 181; *Deitzler v. Wilhite*, 55 id. 200, 40 Pac. 272; and *Noble v. Douglass*, 56 id. 92, 42 Pac. 328. In the first case cited there is no question respecting this tax lien.    The plaintiff claimed as heir at law. The defendant claimed under a deed.    It was held that plaintiff being a tenant in common with others may recover against a codefendant, where such defendant denies his right, such portion of the land as the proof shows him entitled to, and a due proportion of the rents and profits that accrue within three years before the commencement of the suit.

In *Smith v. Auld*, supra, Smith sued Auld, Scarborough and Stebbins jointly to recover rents and profits of an undivided half-interest in certain real estate.    Scarborough was his tenant in common of the other undivided half.    Auld and Stebbins had been in possession jointly with Scarborough claiming title to Smith's undivided half by virtue of a tax deed.    It was found that Auld and Stebbins had collected as rent $1825; that they had paid $1354.25 taxes on the property; that the excess of rents and profits over the taxes paid was $470.75; and that plaintiff was entitled to one-half of this excess.    The question of the right of the holders of the tax deed to the rent under this section was not presented.    Justice Brewer, in the beginning of the opinion, said: "The question in this case is one of *res adjudicata*," and then proceeded to discuss that question upon the case of *Scarborough v. Smith*, reported in 18 Kan. 399, and fully explained by the supreme court in *Auld v. Smith*, 23 Kan. 65.

In the original case, reported in 18 Kan. 399, Smith brought suit against Scarborough, Auld and Stebbins to recover his undivided half-interest in the land, for rents and profits, and for partition.   In that case the court found the facts heretofore stated with respect to the rents and the taxes.   As stated, Auld and Stebbins were in possession, claiming under a tax deed which was adjudged to be invalid.   It became necessary to determine the rights of Stebbins and Auld in regard to their lien for taxes, and the court therein adjudged that, because the rents and profits exceeded the taxes paid by them under their tax deed, they had no lien upon the premises therefor.   This was a positive adjudication that the taxes should be set off against the rents and profits.   The correctness of this judgment was not presented to the supreme court, and while it is true the supreme court holds, in its opinion reported in 23 Kan. 65, *et seq.*, that the findings that Auld and Stebbins had collected $1825 rent and paid taxes amounting to $1354.25, and that the excess of receipts over payments was $470.75, were not *res judicata* because the court refused to give judgment upon such findings, yet there is no doubt that the judgment of the court that the holders of the tax title were not entitled to a lien upon the premises or to retain possession until the taxes had been repaid, because of the fact that they received rents far in excess thereof, was *res judicata*.   So that when the supreme court came to review the subsequent judgment, in its opinion reported in 31 Kan. 262, 1 Pac. 626, the question of the right to set off rents and profits against the taxes they found adjudicated, and they said, in concluding their opinion :

"From the findings of fact as preserved in the record, it is apparent that the case is ready for final dis-

position by this court.   The judgment will therefore be reversed, and the case remanded with instructions to enter judgment in favor of the plaintiff in error, plaintiff below, for the sum of.$361.70.''

It will be observed that the question of the right of the holders of the tax deed to retain the rents and profits while in possession under their tax deed without accountability therefor is not presented or decided in any of these cases.   It is not mentioned or suggested in the last decision of the Auld case.   The question presented in that case was that the judgment dismissing Smith's claim for rents and profits in the original case, the court stating specifically the reasons therefor, was not *res judicata* against Smith and did not bar him from prosecuting the suit to recover the difference between the rents and profits and the taxes paid.   It is likewise true that in *Rose v. Newman*, supra, the holder of the legal title recovered a judgment against the holder of a tax title in possession for $400, rents and profits accruing within three years before the commencement of the suit, and collected it. In that case the court adjudged that Rose, the holder of the tax deed, was entitled to $141.97 for taxes paid on the property, and adjudged that Linscott, the holder of the paramount title, should pay that sum to him before being let into possession of the premises. At the time this judgment was rendered, Newman was in actual possession as Rose's tenant.   Linscott thereafter deeded the land to Wilson, and Wilson deeded to Newman, the tenant.   Newman ceased to pay rent, and refused to surrender possession to his landlord, Rose, who brought suit in ejectment against him. The district court rendered judgment for Newman, and Rose appealed.   The court held that Newman occupied no better position than would Linscott had

he retained the property, and he was not entitled to the possession of the property until he paid the taxes, and that therefore Rose was entitled to judgment against him for possession. So the question of the holder of the tax deed being entitled, under this section of the statute, to retain the possession of the property without accountability for rents and profits, was not involved in the case and was not decided.

In *Deitzler v. Wilhite*, supra, the court decided that the occupying claimant's act was not unconstitutional, and that the holder of a tax deed in possession of the property who had built valuable improvements upon the land could not be charged with .rent for the improvements which he had erected. The question of his right to the rents and profits without accountability was not presented. He did not contend that he was entitled to them, but Smith contended that he could not be charged with rent of buildings that he built and owned, although upon the property of the plaintiff. Nor was the question presented nor decided in *Noble v. Douglass*, supra. The heirs of the holder of the tax title, defeated in that case, escaped the payment of rent upon their contention that they were not liable, as heirs, for the rents received by their ancestor, it not appearing that any such rents came into their possession as such heirs. So that, in fact, there was no judgment left for rents in the case. It is not a judgment that gives the holder of the tax deed the right to retain the possession of the property without accountability for the rents, and it does not depend upon the judgment and does not accrue upon the rendition of the judgment. The right of the holder of the paramount title to the possession of the premises in such cases does not accrue until he has paid the taxes. The deed confers a title in such cases until it

is defeated by the judgment of a court.    It is not a void deed, but a voidable one.    When the holder of the outstanding title elects to take advantage of the facts that make it voidable, his right to the possession does not accrue as against the holder of the tax title who has paid the taxes until he discharges his obligation to the state.    We can give no other construction to the language of the supreme court or the statute. What may be the equities under ordinary circumstances, it is needless to inquire.    The question is, What did the legislature intend?

We are of the opinion that the petition stated a cause of action and that the court erred in sustaining the demurrer thereto.

The judgment is reversed, with directions to the district court to overrule the defendant's demurrer to plaintiff's petition.