## L. A. WILL v. DAVID RITCHIE.

### No. 11,567.* (60 Pac. 734.)

TAXATION—*Rents and Profits.* The holder of a tax deed in possession of land is liable to the owner of the legal title for rents of the property accrued during the pendency of an action brought by the tax-deed holder to quiet his title, and prior to a judgment in favor of the defendant in the suit adjudging the tax deed to be invalid.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MCELROY, judges. Opinion filed April 7, 1900. Reversed.

*Burch & Burch,* and *Garver & Larimer,* for plaintiff in error.

*Geo. D. Abell,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: On the 4th day of August, 1893, one H. C. Pershing obtained a tax deed on part of a town lot in the city of Salina and immediately entered into peaceable possession. Thereafter, on August 22, 1893, Pershing conveyed the premises to Charles H. York and delivered to him the possession thereof. York commenced an action against A. C. Barnes and others in the district court to quiet his title to the premises. During the pendency of the action, defendant below, L. A. Will, was, by an agreement between the parties to the suit, placed in possession of the property as the agent of York, with authority to collect and receive the rents already accrued and thereafter to become due, to make leases of the same, and gen-

---

* For opinion by court of appeals, see 9 Kan. App. —, 58 Pac. 118.—REP.

erally to care for it.   The stipulation provided that the gross amount of rent collected by said L. A. Will should be considered as the value of the use and occupation of the premises during the period he might have the same in charge.   On December 7, 1894, judgment was rendered by the district court against the plaintiff, Charles H. York, and in favor of the defendant, A. C. Barnes, holding that said tax deed was void and adjudging that Barnes was the legal owner of the property, subject to the payment by him of $168, being the amount of taxes and interest, to said Charles H. York.   Thereupon Barnes tendered to the plaintiff York in open court the sum of $173.10, in accordance with the findings of fact and conclusions of law, which amount the plaintiff York refused to receive.   Before the commencement of this action, Charles H. York assigned to David Ritchie all his rights to or interest in the rents accruing from said real estate during the litigation.   This suit was brought by Ritchie, the assignee of York, to recover from L. A. Will the rents of said property pending the litigation in the suit of York against Barnes.   The district court sustained a demurrer to the petition.   The court of appeals reversed the district court.   ( 9 Kan. App. —, 58 Pac. 118.)

The question involved is whether the plaintiff Ritchie is entitled to recover the value of the use of said premises from the time that Will was placed in the possession thereof by plaintiff's assignor to the time when the amount of the taxes was tendered to said assignor by Barnes.   In other words, is the holder of a tax deed who is in possession of the premises entitled, as against the holder of the legal title, to the rents thereof which have accrued during the pendency of the action brought by said tax-deed holder to quiet his title to the premises and prior to the judgment holding the tax deed to be invalid?

We think that where a claimant to lands, by reason of his paramount title, is adjudged the owner of and entitled to the right of possession, the opposing party in the suit, who has been adjudged to have held possession wrongfully, is liable for mesne profits. We do not understand that counsel for defendant in error combat the general principle, but insist that it has no application where the party held possession under a tax deed which has been held insufficient to convey title. The case of *Uhl v. Small*, 54 Kan. 651, 39 Pac. 178, relied upon by defendant in error, involved the liability of a grantee in a tax deed to account for improvements which he had removed from the premises. While it is said in the opinion and syllabus that a party in possession of lands under an invalid tax deed is not chargeable with rents or profits until repayment to him of the amount of taxes he has paid, yet it was not necessary to a decision on the facts before the court in that case to make such statement. In *Hoffmire v. Rice*, 22 Kan. 749, also cited as authority by defendant in error, the question involved was as to the right to rents which accrued *after* a judgment awarding the repayment of the taxes to the holder of an invalid tax deed and giving him possession until such payment was made. The court simply said that such possession was a rightful one, expressly authorized by the statute as "one of the means employed by the state to enforce the prompt payment of taxes." As the statute conferred on the tax-deed holder the right to possession, with no conditions attached, except that such right should continue only until the successful claimant repay to him the taxes and interest to which he was entitled, it could not be said that, for the enjoyment of such right, compensation must be made to the legal owner.

If Barnes had brought an action of ejectment

against York prior to the time the latter commenced suit to quiet title, he could have joined in the action a claim for rents and profits. (Gen. Stat. 1897, ch. 98, § 83; Gen. Stat. 1899, § 4333.) In *Board of Regents v. Linscott*, 30 Kan. 240, 1 Pac. 81, it was decided that the holder of a tax deed, upon recovering the land from a party in possession, in an ejectment suit, may recover for the rents and profits of the land from the date of his tax deed. The precise question before us seems not to have been involved in any of the cases determined in this state. In *Rose v. Newman*, 47 Kan. 18, 27 Pac. 181, a recovery of $400 for use and occupation was had by the owner against the holder of the tax deed who was in possession, but no complaint was made of the judgment. The following cases touch on the question of the recovery of rents and profits generally: *Gatton v. Tolley*, 22 Kan. 678; *Smith v. Auld*, 31 id. 262, 1 Pac. 626; *Deitzler v. Wilhite*, 55 id. 200, 40 Pac. 272.

No good reason can be advanced why the holder of a tax deed who goes into possession of land should not account for the value of the use to the holder of the better estate when it is finally adjudicated that the tax deed was void as an instrument of title and a right to possession under it denied. Such liability exists in other cases, and the law is well settled that recovery for the use may be had therein. (*Rabb v. Patterson*, 42 S. C. 528, 20 S. E. 540.) In *Green v. Biddle*, 8 Wheat. 75, 5 L. Ed. 547, it was said:

" Nothing, in short, can be more clear, upon principles of law and research, than that a law which denies to the owner of land a remedy to recover the possession of it, when withheld by any person, however innocently he may have obtained it; or to recover the profits received from it by the occupant; or which clogs his recovery of such possession and

profits, by conditions and restrictions tending to diminish the value and amount of the thing recovered, impairs his right to, and interest in, the property. . . ."

"A right to land essentially implies a right to the profits accruing from it, since, without the latter, the former can be of no value." (See, also, *Trubee v. Miller*, 48 Conn. 347; *Campbell, Adm'r, v. Brown*, 2 Woods [U. S. C. C.] 349.)

The petition filed in the court below did not, in our opinion, state a cause of action. The judgment of the court of appeals will be reversed, and the judgment of the district court affirmed.