SKEEN v. SMITH et al.

No. 4838.   Decided April 8, 1930.   (286 P. 633.)

*J. D. Skeen,* of Salt Lake City, for appellant Elida H. Smith.

*Benjamin Spence,* of Salt Lake City, and *Le Roy B. Young,* of Ogden, for appellant Bertha Skeen.

*Hutchinson & Hutchinson,* of Salt Lake City, for John W. Smith.

CHERRY, C. J.

This is an action to recover possession of and to quiet the plaintiff's title to a tract of land containing 159 acres in Box Elder county, which the plaintiff agreed in writing to sell to the defendant John W. Smith, upon certain terms and conditions which were not performed. Plaintiff also sued for damages for the use and occupation of the land and for attorney's fees. The defense was that the defendant, Elida H. Smith, was the owner of the land by virtue of a tax title obtained from Box Elder county. The plaintiff had a judgment quieting her title to and for the possession of the land, but not for attorney's fees or damages. There are two appeals. The defendant Elida H. Smith appeals from the judgment against her, and the plaintiff appeals because she was not awarded attorney's fees and damages.

It was proved and the court found that on August 16, 1924, the plaintiff agreed to sell, and the defendant John W. Smith agreed to buy, the land in question for $20 per acre, payable $500 on December 1, 1925, and $1,000 on December 1st of each year thereafter, etc., and that the buyer agreed to pay all delinquent and accruing taxes on the land. The buyer with his wife, Elida H. Smith, went into possession of the land under the contract with the plaintiff and lived upon it for several years. He failed to make the promised payments on the purchase price, and the plaintiff accordingly became entitled to re-enter and take possession of the land. Instead of paying the delinquent taxes on the land the court found that the defendants John W. Smith and his wife, while in possession of the premises under the plaintiff, and on March 6, 1925, purchased a tax title thereto from Box Elder county, taking a quitclaim deed therefor in the name of the defendant, Elida H. Smith. The deed recited a consideration of $271.59. The tax title was held invalid for defects and irregularities. The court found that the value of the use and occupation of the land by the defendants was $2 per acre per year, a sum far in excess of the amount paid for the tax title.

The appeal of Elida H. Smith does not question the decision of the trial court declaring her tax title invalid. She now proceeds upon the theory that she is entitled in equity to reimbursement for the amount paid for the tax title which failed. Through her counsel, she complains that the trial court erred in "finding to the effect that the taxes were paid by John W. Smith and Elida H. Smith; and that the property had a rental value of $2.00 per acre per year." These are the only points argued.

At the trial the defendant Elida H. Smith, through her counsel, asserted paramount title to the land by virtue of the tax deed. As her husband, John W. Smith, was bound by his contract to pay the delinquent taxes, he, of course, could obtain no interest or estate by purchasing the tax title. It was incumbent upon his wife, therefore, to establish an independent title in herself. The plaintiff contended that the acquisition of the tax title was a scheme of the defendants to defeat her title. Upon the question of who actually paid the consideration for the tax title, there was no direct evidence. The deed recited a consideration of $271.59. Elida H. Smith did not appear as a witness or testify in the case. There was proof that she was the wife of John W. Smith, and was present and participated in the preliminary negotiations for the agreement to purchase the land. That after the agreement was executed, she and her husband occupied the land and farmed it, and continued to reside upon it until the time of trial. Her husband testified that after the tax title was purchased the possession of the land was in his wife, although he continued as before to supervise it, and to harvest and sell the crops. Under all the circumstances we think the court was justified in finding that the amount paid for taxes was paid by both defendants in pursuance of the obligation of John W. Smith to pay the delinquent taxes. But the matter of who paid the taxes is immaterial so far as it concerns the asserted claim of Elida H. Smith for equitable reimbursement. If it be conceded that she alone paid out the money for the tax title, on her own ac-

count and independent of her husband's agreement to pay the delinquent taxes on the land, she was bound, when her tax title failed, to account to the paramount owner for the value of the use and occupation of the land while in her possession (*Will* v. *Ritchie*, 61 Kan. 715, 60 P. 734; *Smith* v. *Specht*, 58 N. J. Eq. 47, 42 A. 599), which exceeded the amount paid on account of taxes.

The further claim that there was no proof that the property had a rental value of $2 per acre per year is groundless. There was express and formal proof that the reasonable rental value of the land during the times in question was from $3 to $3.50 per acre per year. The appeal of Elida H. Smith presents no sufficient grounds for disturbing the judgment.

Upon plaintiff's appeal, the errors assigned are that the court erred in failing to conclude as a matter of law from the facts found that the plaintiff was entitled to a judgment for the reasonable rental value of the land during the time it was occupied by the defendant less the amount paid for taxes, and for a reasonable attorney's fee for enforcing the contract.

The contract of sale between the parties for the land in question required the buyer to "immediately cause all fences thereon to be placed in repair, and to properly cultivate, * * * the said property, * * * to plant at least 50% of the total acreage susceptible of cultivation to crops each and every year. * * * The other half * * * to be properly summer fallowed in accordance with the prevailing custom in that locality," etc. And provided that: "In the event of a failure to comply with the terms hereof * * * the seller, at his option, shall be released from all obligations * * * to convey said property, and the said buyer shall, if the seller so elects, forfeit as liquidated damages all payments which have been made theretofore on the contract, * * * and the seller may at his option re-enter and take possession of said premises * * * with all improvements and additions

made by the buyer thereon, and the said additions and improvements shall remain with the land and become the property of the seller," etc.

It is not admitted that the plaintiff under the contract would be entitled to recover, as damages, the rental value of the premises for the whole of the time the same was occupied by the defendants, even if there was no stipulation of damages in the contract. In such case it is suggested that the plaintiff could recover no more than the difference between the contract price and the value of the land at the time of forfeiture, plus the rents and profits accruing after forfeiture, less the amount paid on account of the contract. *Malmberg* v. *Baugh,* 62 Utah 331, 218 P. 975. But there was a stipulation as to damages, and we think the plaintiff was bound by it. The provision of the contract respecting damages plainly amounts to a stipulation fixing the extent of the seller's damages in case of her election to forfeit and terminate the contract. The disposition of courts is to give effect to such stipulations, unless it appears that the damages stipulated are grossly excessive or entirely inadequate. *Dopp* v. *Richards,* 43 Utah 332, 135 P. 98. To sustain the plaintiff's contention it must appear that the damages as stipulated in this case were entirely inadequate. We are not convinced that the showing in that respect was sufficient to overthrow the stipulation of the parties. There was no evidence respecting improvements or additions to the premises, although the contract required them, nor was any proof offered as to the value of the land at the time of forfeiture, as compared with the amount unpaid on the contract price. It was merely established that the reasonable rental value of the land was $2 per acre per year, and that the purchaser had possession of the land for four years. A witness for plaintiff testified (there was no finding) that the notice of forfeiture was given at the end of the third year. We do not think it a necessary conclusion from these facts that the damages stipuated in the contract were entirely inadequate.

Respecting the denial of an attorney's fee to plaintiff, it may be said (1) that the complaint did not plead the employment of an attorney, nor the incurring of any obligation on that account—there was merely the allegation of a clause in the contract whereby the purchaser agreed ■ to "pay all costs and expenses arising from the enforcing of said agreement, including a reasonable attorney's fee of not to exceed $250.00" and a prayer for judgment for an attorney's fee in that amount, and (2) it is strenuously urged by defendant that the action was not brought to enforce the agreement, but for relief independent of the agreement, and after the contract had been expressly canceled and terminated by the plaintiff.

Especially for the reason that the claim for attorney's fees was not alleged in the complaint, we think the trial court properly declined to include attorney's fees in the judgment. There is no substantial merit to either appeal.

JUDGMENT AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.