# AMERICAN MUT. BLDG. & LOAN CO. v. JONES et al.

No. 6334.   Decided September 18, 1941.   (117 P. 2d 293.)

See 61 C. J., Taxation, sec. 2043; 26 R. C. L., 427, 437.

For opinion on rehearing, see 102 Utah 328.

*Cline, Wilson & Cline,* of Milford, for appellant.

*Christenson & Christenson,* of Provo, for respondents.

PRATT, Justice.

This is an appeal upon the judgment roll. From the record before us, including statements in the briefs, the history of the case seems to be this: L. H. Jones and his wife, two of the defendants were on a mortgage of the premises involved in this action, which mortgage ran to plaintiff American Mutual Building and Loan Company. The mortgage was foreclosed and the property purchased by plaintiff. L. H. Jones and his wife, however, remained in possession of the premises apparently as tenants of plaintiff. The taxes were not paid upon the premises. The property was sold for taxes. After the four-year redemption period expired, Utah County, another defendant, acquired an auditor's deed for the property. The lower court found that all tax proceedings to and including the County's acquisition of this auditor's deed were valid. Subsequently an attempt was made to sell the premises at a May sale as provided by § 80-10-68, R. S. U. 1933. The lower court held the attempted May sale fatally defective for lack of proper notice. After the alleged May sale, which occurred in 1936, the defendant, Robert Jones, a son of L. H. Jones and wife, purchased the property from Utah County for the amount of the taxes, interest, and penalties due thereon. The lower court held that he thereupon entered into possession of the premises. This was in November, 1936. It is agreed that Robert Jones put certain improvements upon the premises and paid certain additional taxes thereon.

During the months of September to and including December, 1939, the issues of this case were established by certain pleadings and amendments filed. Those issues were these: Plaintiff seeks to quiet title to the premises in itself, and seeks to recover the reasonable value of the use and occupation of the premises by defendant Robert J. Jones, and to have that value set off against the amount of improvements placed thereon by the latter and against the amount of taxes he had paid thereon. Robert Jones, on the other hand, claimed title by purchase from the County, but apparently believing his tax title questionable, seeks to be reimbursed for the improvements and taxes as an occupying claimant. Utah County by its pleadings disclaims any interest in the litigation; and L. H. Jones and wife by their pleadings disclaim any interest except that they claim they occupy the premises as tenants of Robert Jones. This occupancy by them is not denied in the pleadings by any party litigant. Apparently it is the basis for the lower court's finding that Robert Jones entered into possession of the premises after his purchase from the County.

The lower court found in favor of plaintiff, but made plaintiff's possession contingent upon its payment of the amount of the improvements and taxes. Furthermore, the lower court would not grant plaintiff anything for the reasonable value of the use and occupation of the premises by Robert Jones, although it did find what that reasonable value would be per month. Utah County was brought into the case by order of the lower court upon the court's own motion. There was an admitted error made in interest in the judgment which can be corrected; for that reason we will not mention this item again. The court decided that each party should bear his own costs.

Plaintiff appealed, objecting to the decision upon three main grounds: (1) That it was error to make Utah County a party; (2) that it was error to make plaintiff's possession contingent upon payment of the amount of the improvements and taxes; and (3) it was error to deny plaintiff

the reasonable value of the use and occupation of the premises by defendant Robert Jones.

(1) The order of the lower court making Utah County a party was not an error. The County had good tax title. Its subsequent failure to make a valid sale did not affect its title. Plaintiff had no title. To adjudicate that the title of Robert Jones is void does not accomplish any thing for plaintiff with valid title standing in the County. The Court could not adjudicate against the County without making the County a party. See discussion by M. Justice Wolfe in *Utah Lead Co.* v. *Piute County*, 92 Utah 1, at page 16, 65 P. 2d 1190, at page 1196.

(2) The theory of plaintiff's claim of right to possession of the premises is that title lies in the plaintiff and not in Robert Jones, thus constructive possession is with plaintiff. But again we say title does not lie in plaintiff until title has been regained by plaintiff from Utah County either by a redemption before a valid May sale, or by purchase thereafter. In the present case that is not accomplished until the court adjudicates the issues. The County, by disclaiming any interest in the premises, does not transfer title to plaintiff any more than to Robert Jones. In the case of *Home Owners' Loan Corp.* v. *Stevens*, 98 Utah 126, 97 P. 2d 744, 747, Mr. Justice McDonough states this:

"The title, by virtue of the sale for taxes and the auditor's deed executed subsequent thereto, was in the county."

That is the situation in this case. Quite aside from the question of the interpretation of our occupying claimants' statute as to whether or not plaintiff should have possession before reimbursing the tax title purchaser for the value of the improvements and taxes—see chapter 6, title 78, R. S. U. 1933, § 78-6-1 et seq.—plaintiff cannot claim possession based upon title in itself until it acquired that title.

We note in the pleadings of the case certain allegations that create some doubt as to the basis of the court's finding

of fact that Robert Jones entered into possession of the premises upon purchase from the County. L. H. Jones and wife in their pleadings set up that they are tenants of Robert Jones. Apparently they were tenants of ■ plaintiff after the foreclosure proceedings. Just how they switched from one status to the other does not appear. If as a matter of fact they have remained in actual possession of the premises all the time, then Robert Jones never acquired possession of the property and plaintiff never lost possession. Robert Jones could not by entering upon the premises then in possession of a tenant of the plaintiff, acquire any possession of those premises. This was decided by our recent case of *Woodbury* v. *Bunker*, 98 Utah 216, 98 P. 2d 948.

(3) In *Skeen* v. *Smith*, 75 Utah 464, 286 P. 633,   4, 5 634, this Court said:

"* * *   she was bound, when her tax title failed, to account to the paramount owner for the value of the use and occupation of the land while in her possession (*Will* v. *Ritchie*, 61 Kan. 715, 60 P. 734; *Smith* v. *Specht*, 58 N. J. Eq. 47, 42 A. 599), which exceeded the amount paid on account of taxes."

In the present case, however, the County and not plaintiff was paramount owner of the property. The County's title would not avail plaintiff anything toward recovering for the use and occupation of the premises by Robert Jones, assuming he did so use and occupy them—the doubt upon this last fact has been indicated in the discussion immediately preceding this paragraph. Plaintiff does not acquire title until plaintiff's tendered payment has been applied in satisfaction of the delinquent taxes, interest, and penalties. This is not a case wherein the County's tax title is held to be void, the original owner never losing title thereby. In this case the original owner lost title to the County. Until title is again acquired by that owner, either by redemption before a valid May sale or purchase after such a sale, the title cannot be used by the original owner as being in him-

self and thus a basis for constructive possession of the premises.

As the allowance to defendant of the value of the improvements is not assigned as error, we are of the opinion that these three points raised by plaintiff upon this appeal and discussed herein are not well taken.

Plaintiff objects to the fact that the court did not award costs to it. In view of the provisions of 104-44-2(5), R. S. U. 1933, plaintiff is entitled to costs in the lower court as being the prevailing party. See *Swenson* v. *Snell*, 22 Utah 191, 61 P. 555, and *Checketts* v. *Collings*, 78 Utah 93, 1 P. 2d 950, 75 A. L. R. 1393.

We see no reason for including in the decree thirty days over and above the sixty days before plaintiff may obtain a writ of assistance. If plaintiff pays the amount of the improvements and taxes, we see no reason why it should not be let into immediate possession.

In the occupying claimants' statute we find no provision for sale of the property and an application of the proceeds to satisfying the interests of the parties. The statute merely calls for a relationship of tenants in common in the premises. A partition or other separation of interests is the subject matter of a different action. See § 78-6-3, R. S. U. 1933. The pleadings indicate that the counterclaim is brought under Chap. 6, Title 78, R. S. U. 1933.

The case is remanded with directions that the judgment and decree be modified as herein indicated and as so modified it is affirmed.

Each party shall bear its own costs on appeal.

MOFFAT, C. J., and McDONOUGH, J., concur.

WOLFE, Justice (concurring in the result).

I concur in the result for the reasoning given in the opinion of Mr. Justice Larson. The action should not, perhaps, have been one to quiet title but an action to compel

the county to restore title to the plaintiff on tender of the taxes due plus penalties and interest in case the county refused. In such action the Joneses would have been joined because they bought from the county and the county, on receipt of the money from plaintiff, would have had to reimburse them. In order to prevent triangularity of action the whole matter could then have been adjusted in one action.

Also, in this action to quiet title the lower court made payment of the improvements a condition for possession. Again I call attention, as I did in the case of *Peterson* v. *Weber County*, 99 Utah 281, at page 291, 103 P. 2d 652; that this is irregular because Section 78-6-2, the occupying claimants' statute, contemplates a separate action. But since no objection was made on this score, as one who favors expedition in procedure, I think the judgment should not be, for that reason, disturbed.

There is a statement in the opinion reading as follows:

"If as a matter of fact they [L. H. Jones and wife] have remained in actual possession of the premises all the time, then Robert Jones never acquired possession of the property and plaintiff never lost possession. Robert Jones could not by entering upon the premises then in possession of a tenant of the plaintiff, acquire any possession of those premises. This was decided by our recent case of *Woodbury* v. *Bunker*, 98 Utah 216, 98 P. 2d 948."

I am assuming that such statement is to be confined to the facts of this case or any case where one seeks to obtain possession adversely to another through the device of adopting the other's tenant as his tenant, or where the tenant without surrendering or repudiating the landlordship of the first, agrees to become the tenant of the second. Such was the case where Bunker, in *Woodbury* v. *Bunker*, supra, unsuccessfully sought to defend and avoid the effect of the statute of forcible entry and detainer by showing that Steele, a tenant of Woodbury, had recognized him, Bunker, as landlord, without having repudiated to Woodbury his tenancy to the latter.

If the statement in the opinion means to hold that an adverse possession cannot be obtained against one who has leased his premises, not through a shift in the tenantship without repudiation, but in spite of the tenant, by entry on the premises, I am not prepared to acquiesce. And certainly a grantee of one who has leased his premises may obtain possession as against his grantor even though he do not enter and even though the tenant do not attorn. Otherwise we would be driven back to some symbol such as feoffment, to obtain possession. While anciently the lord could not alien his land without consent of the tenant, nor the tenant assign without consent of his lord, in modern days A, who has a tenant, may grant to B and give B possession without feoffment or attornment. Modern attornment by the tenant means that A's tenant now recognizes B, the grantee, as his landlord. True it is that the tenant cannot become the tenant of another than his landlord except by first surrendering the premises to the person under whom he holds. And his supposed recognition of another as his landlord or holding under another as tenant without such surrender, cannot give such other possession adverse to the landlord. That is the extent of the holding in *Woodbury* v. *Bunker*, supra. With these observations, I concur.

LARSON, Justice (concurring).

I concur, but in the interests of proper procedure I feel impelled to cogently state the controlling principles underlying the conclusions. The court found that all tax proceedings up to and including the issuance of the tax deed were regular and valid. That deed, as stated in the prevailing opinion, vested the fee title in the county and the plaintiff thereafter had only a right of redemption until a valid May sale. Unless and until that right of redemption was exercised plaintiff had no title to be quieted. The taxpayer's duty in such case therefore is to redeem from the sale, or

to offer to redeem and make tender of the amount necessary for a redemption. When he has redeemed he has legal title which could support an action at law. If his offer and tender are not accepted, and conveyance to him of the legal title is refused, he may institute his action against the tax title claimant and the county, based upon such refusal, to compel a redemption.

When therefore the court finds or it is conceded by the parties that the title has been lost to plaintiff by valid tax proceedings concluding in an auditor's tax deed, the court should require plaintiff to redeem or make proper offer and tender for redemption, or judgment should be entered against him.

The county cannot cut off the taxpayers' right of redemption until a valid May sale. Robert Jones therefore obtained merely what the county had, a title subject to a right of redemption. That title was good against the whole world except the right of the taxpayer or his assignee to redeem. Plaintiff not having exercised or offered to exercise its redemption right, the only one it had in the property, defendants' title should have been quieted. *Fisher* v. *Davis*, 77 Utah 81, 291 P. 493.

But this court is limited in its orders to the issues presented to us by the assignments of error. Appellant does not raise the question of its right to maintain the action. Respondent has not cross-appealed nor made cross-assignments on the matter. We therefore cannot reverse the judgment although the court should have proceeded as indicated above.