J. C. STOUT v. KERSEY COATES, *as Assignee of the Mastin Bank.*—F. KIRKBRIDE v. KERSEY COATES, *as Assignee, &c.*

1. IRREGULARITY *in Tax List and Publication Notice.* Where a tax list and the accompanying notice for publication are not made out by the county treasurer between the first and tenth of July, as required by § 106 of chapter 107, Comp. Laws of 1879, but are made out in ample time for the list and accompanying notice to be published as prescribed by § 107 of said chapter 107, the delay is a mere irregularity only, and is fully cured by the provisions of § 139 of said chapter 107.

2. IRREGULARITY; *Affidavit of Publication.* Where a tax list and accompanying notice are properly published for the requisite length of time required by the statute, and the printer publishing the list and notice makes an affidavit thereof, as prescribed by § 108 of said chapter 107, and such affidavit is filed with the county clerk, to be preserved by him, the failure or omission of the county treasurer to make another affidavit of the printing of the list and notice, in accordance with the provisions of said § 108, is only an irregularity, and will not affect fatally the tax proceedings.

3. ———— *Tax-Sale Certificate; Recital.* A recitation in a tax-sale certificate that a deed of the premises therein described will be due to the purchaser a day or two too soon, will not invalidate a tax deed issued upon the tax sale, if all the other tax proceedings are regular, and if three years have fully expired from the day of sale before the issuance of the tax deed.

4. REDEMPTION LIST, *Not Posted; Tax Deed.* The posting up of the redemption list and notice required by the provisions of § 137 of said chapter 107 cannot be omitted, and if omitted, the failure to comply with the provisions of the statute in that regard will be fatal to the tax deed, if challenged before the statute of limitations has full operation thereon.

*Error from Wyandotte District Court.*

TWO actions in the nature of ejectment, brought by *Kersey Coates*, as assignee of the Mastin Bank, to recover certain lots in Kansas City, Kansas. Trial by the court, and judgment for plaintiff in each case, January 30, 1885. The defendants bring the cases here. The opinion states the material facts.

*Hutchings & Keplinger,* for plaintiff in error Stout; *Hale & Miller,* for plaintiff in error Kirkbride.

*A. Smith Devenney,* for defendant in error; *H. L. Alden,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: These were actions in the nature of ejectment, to recover eight lots situate in Kansas City, in this state. Kersey Coates, as assignee of the Mastin Bank, claims the original title to all these lots through conveyances from the government. J. C. Stout bases his title and right of possession to lot 248 on Wood street, lot 241 on James street, and lots 246, 248, 250, 252 and 260 on Armstrong street, upon seven tax deeds executed by the county clerk of Wyandotte county on September 7, 1881, and recorded the same day in the office of the register of deeds of that county. These lots were sold for taxes on September 4, 1878, for the delinquent taxes of the year 1877. F. Kirkbride bases his title and right of possession to lot 245 on Wood street upon two certain tax deeds executed by the county clerk of Wyandotte county. One of the tax deeds, for the north three-fourths of said lot, is dated September 18, 1880, and was recorded September 25, 1880. The tax sale upon which this deed is based was made September 6, 1877, for the delinquent taxes of the year 1876. The other tax deed, for the south one-fourth of said, lot, is dated September 26, 1882, and was recorded the same day. The sale upon which this tax deed is based was made September 2, 1879, for the delinquent taxes of the year 1878. Trials had before the court, juries being waived.

The court filed in each case its conclusions of fact, and thereon its conclusions of law. It decided that there were such errors in the tax proceedings that all the tax deeds were invalid, and rendered judgment in favor of Coates, as assignee, for the recovery of the premises in controversy, saving to the defeated claimants under the tax title the taxes with all interest and costs as allowed by law, and also all their rights

as occupying claimants. They excepted, and bring the cases here.

The cases involve the same questions. All the tax deeds appear to be valid upon their faces, and having been duly acknowledged, are *prima facie* evidence of the regularity of all the tax proceedings. It is claimed, however, that certain alleged fatal defects appear in the tax proceedings, and that thereby the holders have no title to the premises therein described. We will notice, in their order, these supposed defects.

First, it is claimed that the tax lists and accompanying notices for publication, as required by § 106, of chapter 107, Comp. Laws of 1879, were not made out between the first and tenth of July in each year. This is only a mere irregularity, and is cured by § 139 of said chapter 107, which provides, among other things, that—

1. Irregularity in tax lists and publication notice.

"No mere irregularity of any kind in any of the proceedings shall invalidate any such proceeding or the title conveyed by the tax deed; nor shall any failure of any officer or officers to perform the duties assigned him or them, upon the day specified, work an invalidation of any such proceedings or of said deed."

The tax lists were dated July 25, 1877, July 25, 1878, and July 23, 1879. The findings are that these lists and accompanying notices "were published in a newspaper published and of general circulation in Wyandotte county, the requisite length of time before the sales." The statute, therefore, was substantially complied with.

The second irregularity alleged in the tax proceedings is that the treasurers did not file affidavits of the printing of the lists of delinquent taxes in addition to those made by the printers, which were filed as required by § 108 of said chapter 107. This section reads:

"Every printer who shall publish such list and notice shall, immediately after the last publication thereof, transmit to the treasurer of the proper county an affidavit of such publication, made by such person to whom the fact of publication shall be known; and no printer shall be paid for such publi-

cation who shall fail to transmit such affidavit within fourteen days after the last publication. The county treasurer shall also make, or cause to be made, an affidavit or affidavits of the printing of such list and notice as above required; all of which shall be carefully preserved by him, and deposited as hereinafter specified."

The court's findings show that not only were the lists and notices properly published, but they also show that the printers publishing the same made affidavits thereof, and that the same are on file in the proper office. The omission of 2. Affidavit of publication; the treasurers to file the additional affidavits of irregularity. the printing of such lists and notices, as required by said § 108, under these circumstances, we do not regard as such an irregularity as to affect the validity of the tax deeds.

The third alleged irregularity is that the tax-sale certificates recite too short a time within which the purchasers at the 3. Recital in tax tax sales would be entitled to tax deeds. These sale certificate. tax certificates could not have misled anyone. Such certificates go to the purchaser—not to the original owner; and if three years expired before the issuance of the tax deeds, the irregularity in the tax certificates will not invalidate the tax deeds.

The other defect claimed in the tax proceedings is that the redemption notices were not posted, as required by § 137 of said chapter 107. Said section, among other things, provides that the county treasurer, four months before the expiration of the time limited for redeeming lands sold for taxes, shall cause to be published in some paper of general circulation in his county, once a week for four consecutive weeks, a list of all unredeemed lands and town lots. He shall also cause to be posted, for the same length of time, such list and notice in at least four public places in the county, one of which shall be in some conspicuous place in his office. The court specially found as a fact, that copies of the redemption notices and lists were posted in the office of the county treasurer of Wyandotte county prior to the execution of the tax deeds as required by

law, but further found that copies of said notices and lists were not posted up at the other public places in said county, as prescribed by the statute. A motion was filed to set aside this finding, upon the ground that it was wholly unsupported by the evidence. The tax deeds being regular upon their faces, are *prima facie* evidence of the regularity of all proceedings, from the valuation of the land by the assessor inclusive, up to the execution of the deeds, and therefore are *prima facie* evidence that the redemption lists and notices were properly posted up. It was incumbent upon Coates, as holding the affirmative of the issue, to prove that the statute had not been complied with; and unless it affirmatively appeared from the evidence that the notices were not posted, the presumptions are that they were posted. The special finding that the redemption notices and lists were not posted embraces all the lots. There is in the record some slight evidence that the redemption list and notice of the north three-fourths of lot 245 on Wood street were not properly posted up in 1880; but as to the redemption notices for 1881 and 1882, the evidence does not sustain the finding of the court. William Albright was the county treasurer in 1881 and 1882 of Wyandotte county. He testified that the redemption lists and notices were sent out to be posted, as required by the statute; that his deputy at the time attended to sending out these notices; and that he knows, as a matter of fact, the notices were sent out. His deputy was not called to give any testimony. As the law makes the tax deeds *prima facie* evidence that the notices were posted, the evidence is insufficient to show they were not posted in 1881 and 1882. If there had been a separate special finding that the redemption notice and list were not posted up in 1880, we might, perhaps, permit the finding to stand so as to overturn the tax deed of September 18, 1880; but as the finding of the year 1880 includes also other years, and as there is no evidence whatever to support such a finding taken as a whole, we must decide that the finding is erroneous and without support. Upon another trial, we suppose the matters herein re-

ferred to will be more carefully and fully investigated, and all the facts thereof clearly developed.

In conclusion, we should say that the posting up of the redemption list and notice required by the provisions of § 137 of said chapter 107 cannot be omitted, and if omitted, the failure to comply with the provisions of the statute in that regard will be fatal to the tax deed, if challenged before the statute of limitations has full operation thereon. ( *Long v. Wolf*, 25 Kas. 522.)

*4. Redemption list and notice, not posted; tax deed.*

As the facts in these cases have not been agreed to by the parties, and as certain findings of fact of the trial court are against the evidence, we cannot direct judgment to be entered in the premises. (Civil Code, § 559.)

The judgments of the district court will be reversed in both cases, and the causes remanded for new trials.

All the Justices concurring.