L. A. CHOAT *et al.* v. JAMES T. PHELPS.

No. 12,515.    (66 Pac. 1002.)

SYLLABUS BY THE COURT.

1. TAXATION—*University Fund.* A tax deed issued for property sold in 1893, for taxes of 1892, which included in the tax levy an asssessment for the state university fund, cannot be sustained, if attacked within the statutory limit.

2. ———— *Redemption Notice.* A tax deed cannot be sustained where it is shown that the county treasurer, prior to the issuance thereof, neglected to post the redemption notice required by section 137 of chapter 107, General Statutes of 1901.

Choat v. Phelps.

Error from Pawnee district court; J. E. ANDREWS, judge.   Opinion filed December 7, 1901.   Division two. Modified and affirmed.

*Nelson Adams*, for plaintiffs in error.
*George W. Finney*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The defendant in error commenced this action in the district court of Pawnee county, against plaintiffs in error to quiet the title to the southeast quarter of section 5, township 23, range 15 west, in said county, alleging that he was the owner and in actual possession, and that defendants therein claimed to have some interest or title to said real estate adverse to his, and praying that the title be quieted in him.   To this petition the defendants answered, setting up a tax deed issued October 14, 1896, for the unpaid taxes of 1892, and subsequent taxes, interest and charges thereon; also, alleging actual possession and asking for a judgment quieting the title to said lands in them, or, if defeated in that, that the taxes, interest, and charges, so paid by them, be declared a first lien on the property. The plaintiff replied, first, by a general denial, and second, by an allegation that the tax deed held by defendants was void for various reasons, and particularly because there was levied and assessed against said land for the year 1892 an illegal tax of eleven cents for what is known as the "current university fund," which amount was included in the amount for which said land was sold in 1893; also, that in 1893, for the same fund, a tax was levied and assessed against said land in the sum of five cents,

for the year 1894 a like sum of eleven cents, and for the year 1895 a like sum of sixteen cents, which sums were wrongfully included in and added to the legal tax against said property, and were included in the amount for which said deed was issued. Plaintiff also alleged that the treasurer did not post, or cause to be posted, a list or notice of unredeemed lands in four public places in said county, as required by section 137 of chapter 107, General Statutes of 1901. He pleaded a tender of $65 as being the amount due the defendants for taxes, interest and costs paid by them for such tax deed.

The following stipulation was filed in the cause:

"It is hereby stipulated and agreed by and between the plaintiff and defendants herein that the plaintiff was the absolute owner in fee simple of the southeast quarter of section 5, township 23 south, of range 15 west of the sixth principal meridian, being the land involved in this controversy, by virtue of a certain warranty deed dated September 9, 1892, to James T. Phelps, and signed by Elvira C. Taylor and Horace J. Taylor, duly acknowledged and filed for record in the office of register of deeds of Pawnee county, Kansas, on September 15, 1892, at 4:15 P. M.; that the chain of title from the government down to said plaintiff, to and including the date of said deed, is perfect."

The court made special findings of fact, among which were the following:

"1. That the plaintiff below received title to this land from Taylor as specified in the stipulation, and that he has never sold or transferred it; that at the commencement of this action he was in the actual possession of said land and has so continued ever since.

"2. That the land was subject to taxation for the year 1892, and that there was assessed, levied and entered against said land upon the tax-rolls of that year, for what is known as the current university fund, a

tax of nine cents, which was included in the taxes for the year 1892, and was a part of the amount for which the land was sold in 1893, and included in the certificate issued under said sale; that during each succeeding year, a similar levy was made for said current university fund and included in the tax against said real estate, and that the interest was computed on this item each year and the penalties added thereto.

"3. That the treasurer of said county did not post, or cause to be posted, a list or notice of unredeemed lands in four public places in said county as required by law.

"4. That the actual amount due defendants for the taxes, interest and penalties paid by them for the tax deed is sixty-five dollars; and before the commencement of this action the plaintiff tendered to said defendants the said sum of sixty-five dollars, which tender has been kept good."

Upon such findings the court rendered judgment for the plaintiff below, canceling the tax deed and quieting the title in the plaintiff therein, and against defendants for costs, awarding them sixty-five dollars, and decreeing such amount to be a lien on the land, less the amount of costs of the litigation. The defendants below prosecute error, and assert many reasons why the cause should be reversed. With the view we have taken of the case it will be unnecessary to pass upon all of these alleged errors, as they become immaterial.

If the assessment for this university fund was unauthorized by law, a tax deed based upon a sale of real estate which included such illegal levy cannot be sustained, if an action is commenced to set it aside before the right is barred by statute. (*The State, ex rel., v. Bailey,* 56 Kan. 81, 42 Pac. 373.) The plaintiffs in error undertake to sustain the assessment for the years 1892 and 1893, by chapter 39, Laws of 1891. The title of this act is, "An act making an appro-

priation for the maintenance and support of the university of Kansas." Section 1 reads:

"There is hereby appropriated for the current expenses of the university of the state of Kansas, for fiscal year ending June 30, 1892, the sum of seventy-five thousand dollars; and for the fiscal year ending June 30, 1893, the further sum of seventy-five thousand dollars."

This contention cannot be sustained. This was nothing more than an appropriation of $75,000 out of the general revenue for the fiscal years ending June 30, 1892, and June 30, 1893. The same claim is made for the assessment for this fund for the years 1894 and 1895, under chapter 12, Laws of 1893. This was a similar act, making an annual appropriation out of the general revenue for the support of the university for the fiscal years ending June 30, 1894, and June 30, 1895, and neither made any attempt to provide for a levy for the maintenance of the university. There was no authority in law for making these assessments, and the court was correct in holding that the tax deed in question was void for that reason.

The court below also found that the redemption notice had not been posted by the county treasurer in at least four public places in the county prior to the time within which the land might be redeemed. Section 7671 of the General Statutes of 1901 provides:

"The county treasurer, at least four months before the expiration of the time limited for redeeming lands, as aforesaid, shall cause to be published in some paper published in or of general circulation in his county, once a week for four consecutive weeks (the publication herein to be provided to be completed at least four months before the day of sale), a list of all unredeemed lands and town lots. . . . He shall also cause to be posted for the same length of time such list and notice in at least four public places in the

county, one of which shall be in some conspicuous place in his office:"

This omission is fatal to this tax deed. It was said in *Stout v. Coates, Assignee*, 35 Kan. 382, 386, 11 Pac. 151, 154:

"That the posting up of the redemption list and notice required by the provisions of section 137 of said chapter 107 cannot be omitted, and if omitted, the failure to comply with the provisions of the statute in that regard will be fatal to the tax deed, if challenged before the statute of limitations has full operation thereon."

There are many errors complained of by plaintiffs in error, some of which have force, and especially is this true in the holding of the court below that the description of the land set out in the assessment rolls, and as described in the notice of sale, was insufficient. We think such description is ample and all that the law requires, but with the view we have taken such rulings were not prejudicial to plaintiffs in error.

Another contention on the part of plaintiffs in error is that the court erred in not decreeing the plaintiffs in error a first lien upon the land in controversy for the full amount which the court found due them by reason of what they had paid out in procuring the tax deed. Instead of doing this, the court decreed a lien only for such amount less the amount of costs which was assessed against the plaintiffs in error in that court. In so far as the judgment did not decree to them a lien for the full amount due them, it is erroneous, and the cause is remanded with instructions to correct such judgment, decreeing to the defendants below a first lien upon the real estate for the full amount so found due.

The judgment, thus modified, is affirmed.

CUNNINGHAM, POLLOCK, JJ., concurring.