Clark v. Crebbin.

---

### J. R. CLARK v. ALFRED CREBBIN.
#### No. 12,785.  (70 Pac. 1131.)

TAXATION—*Rents and Profits Collected by Receiver.* In an action by the holder of a tax deed to quiet title, the holder of the mortgage asked foreclosure, and the tax deed was held invalid and a sale ordered, the tax-deed holder being adjudged a first lien for taxes and interest paid by him, which lien was satisfied in full from the proceeds of the sale. After judgment a receiver was appointed, who collected certain rents and profits which accrued before the payment of the tax lien. *Held*, that, under the circumstances of this case, the holder of the tax deed was not entitled to the rents and profits.

Error from Pratt district court; P. B. GILLETT, judge. Opinion filed December 6, 1902. Affirmed.

*Charles H. Apt*, for plaintiff in error.

*William Barrett*, for defendant in error.

*Per Curiam:* The plaintiff in error, the holder of a tax deed to a tract of land, brought his action to quiet title. The defendant in error appeared, contested the validity of the tax deed, and filed a cross-petition to foreclose a mortgage on the premises. At the trial the tax deed was set aside, and plaintiff was

awarded a first lien on the land for the amount of taxes paid. The mortgage was foreclosed, sale ordered, and thereafter a receiver was appointed to take charge of the premises. At the sale defendant Crebbin purchased the land for much less than the amount of the liens thereon. Plaintiff was paid his lien for taxes and interest in full.

Upon the coming in of the report of the receiver, there was found in his hands the sum of $219.69, arising out of the proceeds of the sale of a one-fourth interest in the crop raised on the premises in the year 1900. This controversy arises over this fund. Both parties claim it. Plaintiff claims on the theory that he was entitled to hold the possession of the premises until his tax lien was discharged, and, as his lien was not discharged until November, 1900, that the portion of the crop appropriated by the receiver, or its proceeds, belongs to him. Defendant claims the fund to apply on the deficiency judgment rendered in his favor. The trial court awarded this fund to the defendant. This ruling was correct. Whatever may have been the right of plaintiff, if in possession of the premises, there to remain until his tax lien was discharged, it will not avail him in this controversy.

There was a general finding against plaintiff in the decree in the main action, and a receiver was appointed to take charge of the premises and collect the rents. This decree and order have been acquiesced in by all parties. The lien of plaintiff having been discharged in full, the property having been sold and conveyed to another under a decree of the court, the claim of plaintiff to the property, or its proceeds, is at an end.

The judgment is affirmed.

All the Justices concurring.