No. 22,322.

J. DAUGHERTY, *Appellant,* v. C. M. PAXON et al., *Appellees.*

### SYLLABUS BY THE COURT.

QUIETING TITLE—*Void Tax Title—No Statutory Redemption Notice Given.* The proceedings examined, and held that a tax title is invalid, and should not be quieted against the original owner and his mortgagees, because of failure to give the special redemption notice provided for by the law in force at the time such redemption notice was due.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed December 6, 1919. Affirmed.

*T. S. Salathiel,* of Independence, for the appellant.

*Walter L. McVey,* of Independence, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a tax-title holder to quiet title against the original owner and his mortgagees. The plaintiff was defeated, and appeals.

The decision may have been rested on matter of fact. It was essential to successful prosecution of the action to quiet title that the tax-title holder be in actual possession of the land. Possession by a tenant was asserted, but the evidence left it very doubtful whether the tenant held under the tax-title holder or the original owner. However this may be, the decision was well founded on matter of law.

The land was bid in by the county on September 2, 1913, under the provisions of chapter 162 of the Laws of 1891 (Gen. Stat. 1915, §§ 11431-11433). The tax-sale certificate was issued and assigned, and the tax deed was issued on July 25, 1917. At the legislative session of 1915 an act was passed containing the following, among other provisions:

"When any county is operating under the provisions of chapter 162 of the Session Laws of 1891 . . . the county treasurer shall, at least three months, and not more than six months in advance of the end of three years from the date of the sale to the county, notify the owner of the real estate and the holder of every recorded mortgage thereon, that unless the owner, his agent or the mortgagee shall redeem the land from the sale to the county before the expiration of the said three-year period, a certificate may issue; . . . " (Laws 1915, ch. 363, § 1, Gen. Stat. 1915, § 11434.)

While the act of 1915 was repealed in 1917, before the certificate was issued and assigned, it was in force until March 8, 1917, and the special redemption notice provided for, which is very different from the customary redemption notice, should have been given. This was not done, and the tax deed is invalid.

In the case of *Warner v. Pile,* p. 724, it is held the act of 1915 applied to tax proceedings of the kind under consideration.

The judgment of the district court is affirmed.