No. 25,100.

JAMES F. PICKETT, *Appellant*, v. N. F. FRAZIER, JR., et al., *Appellees.*

SYLLABUS BY THE COURT.

1. TAXATION—*Defective Redemption Notice—Voidable Tax Deed.* The failure of a county treasurer to post in three public places in the county outside his office a list of all unredeemed lands sold for taxes renders voidable a tax deed based thereon.

2. SAME—*Voidable Tax Deed—Rents and Profits.* A person holding real property under a voidable tax title should account for rents and profits when judgment is rendered against him declaring his title bad, where he is given judgment for the value of improvements made by him and for the amount of all taxes and costs paid by him, together with interest on such taxes and costs.

Pickett v. Frazier, Jr.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed July 5, 1924. Affirmed.

*William Keith, Monroe Wright,* and *Charles A. Walsh,* all of Wichita, for the appellant.

*George Gardner,* and *Warren F. Wattles;* both of Wichita, for the appellees

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to quiet title to certain real property situated in the city of Wichita and held by him as the grantee of a grantee in a tax deed. An answer and counterclaim were filed by the defendant. The court rendered judgment declaring the tax deed bad and directed the defendant to pay the plaintiff the sum of $751.43 for taxes, interest, etc., after allowing defendant a set-off for rents received by the plaintiff. The plaintiff appeals.

The evidence showed that the property in controversy was included in the notice and list of property to be sold for delinquent taxes in 1918 in Sedgwick county; that the notice and delinquent tax lists were properly published, and affidavit thereof made by the printer was filed in the office of the county clerk; that on September 3, 1918, the property was bid off by the county treasurer for the county for the whole amount of tax and charges thereon; that on September 8, 1921, Charles Hiebsch paid into the county treasury of Sedgwick county the amount due on the property for taxes, costs and interest, and received a tax deed to the property; that subsequently he conveyed the property by quitclaim deed to the plaintiff; that a notice and list of property of unredeemed land sold for taxes, including the property in controversy, were published in the spring of 1921, and affidavit of its publication made by the printer was placed on file in the office of the county clerk; that the redemption list and notice was posted in the lobby of the county treasurer's office, and in no other place or places; that it had been the custom of the county treasurer of Sedgwick county for many years to post the list and notice in the lobby of the office only; that the plaintiff took possession of the property December 9, 1921, and made improvements thereon of the value of $452.17; and that up to May 1 ,1923, the date of the judgment; he had received $850 in rents and profits, and had paid out in taxes and costs, including interest thereon, the sum of $1,172.26.

1. The plaintiff contends that "the treasurer's omission to post the redemption list and notice as shown in this case was merely an irregularity in the tax-sale proceedings, and as such was within the purview of section 11454 of the General Statutes of 1915." That statute reads:

"No irregularity in the assessment roll nor omission from the same, nor mere irregularities of any kind in any of the proceedings, shall invalidate any such proceedings or the title conveyed by the tax deed; nor shall any failure of any officer or officers to perform the duties assigned him or them upon the day specified work an invalidation of any such proceedings or of said deed." [Now found in R. S. 79-2503.]

Section 79-2410 of the Revised Statutes, enacted in 1905, in part reads:

"The county treasurer, at least four months before the expiration of the time limited for redeeming lands as aforesaid, shall cause to be published in some paper published in or of general circulation in his county, once a week for four consecutive weeks . . . . a list of all unredeemed lands and town lots. . . . He shall also cause to be posted for the same length of time such list and notice in at least four public places in the county, one of which shall be in some conspicuous place in his office. . . . "

It has been noted that no notice was posted except in the office of the county treasurer.

In *Stout v. Coates*, 35 Kan. 382, 11 Pac. 151, this court said:

"The posting up of the redemption list and notice required by the provisions of § 137 of said chapter 107 [language the same as that quoted] cannot be omitted, and if omitted, the failure to comply with the provisions of the statute in that regard will be fatal to the tax deed, if challenged before the statute of limitations has full operation thereon." (See, also, *Daugherty v. Paxson,* 105 Kan. 722, 185 Pac. 1043.)

In *Choat v. Phelps*, 63 Kan. 762, 66 Pac. 1002, this court held:

"A tax deed cannot be sustained where it is shown that the county treasurer, prior to the issuance thereof, neglected to post the redemption notice required by section 137 of chapter 107, General Statutes of 1901."

This contention of the plaintiff is disposed of by these cases and cannot be sustained.

2. The plaintiff contends that "the rents and profits accruing to the defendant should not be calculated from the date appellant gained possession of the property under the tax deed, but from the date of the commencement of this action," and cites the case of *Will v. Ritchie,* 61 Kan. 715, 60 Pac. 734, in support of his contention. In that case rents and profits accrued during the pendency

of the action were allowed to the legal owner. That is all the legal owner sought to recover in that action; therefore the decision is of no force in the present case.

Since the tax deed was not good, the plaintiff did not at any time hold the property under legal title, and therefore is not entitled to any of the rents and profits from the property. The law allows the plaintiff to recover the amount paid the county treasurer for the tax deed and subsequent taxes paid, together with a high rate of interest thereon, and allows the value of any improvements made on the property. With this liberal provision for the plaintiff, he cannot be said to have suffered any injustice. (*Clark v. Crebbin,* 65 Kan. 851, 70 Pac. 1131; *Perkins v. Berry,* 104 Kan. 104, 177 Pac. 530.)

The judgment is affirmed.