WM. K. DAVIS v. ALEX. R. WILSON.

1. PRO TEM. JUDGE; *Selection for Term, and for Trial of Single Cause.* If the regular judge leave before all the cases on the docket have been reached for trial, and a judge *pro tem.* be elected to dispose of the remaining cases, and such judge *pro tem.* be of counsel in one of those cases, it is proper to elect another attorney judge *pro tem.* for that case, the parties not being able to agree.

2. LOST RECORDS; *New Pleadings may be Filed.* If the original pleadings are lost, and the parties are unable to agree as to their contents, the court may order each party to file new pleadings.

3. AMENDMENT; PLEADINGS; CONTINUANCES; *Discretion of Court.* Granting leave to amend pleadings, giving time to file pleadings, and granting or refusing continuances, are matters committed largely to the discretion of the trial court; and it must appear that such discretion has been abused before a reversal will be ordered.

4. PETITION; *Trespass by Cattle; Demurrer.* A petition which alleges that the cattle of the defendant trespassed upon the lands and crops of the plaintiff in the county, and destroyed growing corn belonging to the plaintiff, to plaintiff's damage, will be held good as against any objection that can be raised on demurrer.

5. CHANGE OF VENUE; *Waiver.* After a jury has been sworn, and a case partially tried, it is too late to move for a change of venue on account of the bias or prejudice of the judge.

6. PRACTICE; *Admissibility of Evidence.* Where pleadings are general it is often impossible to determine the relevancy or materiality of certain testimony without a consideration of the other evidence in the case, and then such other evidence must be in the record or no error can be affirmed in the admission or exclusion of such testimony.

7. QUESTIONS OF LAW; *When no Prejudice, if submitted to Jury.* It is improper for the court to submit a question of law to the jury for decision, but if when submitted they decide it correctly, no one is injured in his substantial rights.

8. INSTRUCTIONS; *When to be in Writing.* When neither party requires written instructions, the court may in a civil case charge the jury orally, and an exception to such oral instructions, on the ground that they are not in writing, taken after they have been given, will not be considered.

9. PRACTICE, *in Supreme Court.* This court will not as a general rule consider any questions not necessary for the determination of the case.

*Error from Cowley District Court.*

TRESPASS, brought by *Wilson*, to recover for injuries to his growing crops by cattle of *Davis.* The action was commenced in a justice's court, and appealed to the district court, where it was tried at the July Term 1872, before A. H. G., *pro tem.* judge, and a jury. The case here presents several questions of practice respecting which the proceedings and the facts whereon they arise are sufficiently stated in the opinion. The petition filed in the district court is as follows:

[TITLE.] "Now comes the plaintiff above named and complains of the defendant, and says, that on or about the 5th day of June 1872, the cattle and stock of the defendant Wm. K. Davis trespassed upon the lands and crops of the plaintiff, in said county, and injured and destroyed growing corn belonging to the plaintiff; and that by reason of the stock and cattle of the defendant so trespassing on and destroying the crops of plaintiff the plaintiff has sustained damages in the sum of twenty dollars, for which sum with costs of suit the plaintiff demands judgment against the defendant."

A demurrer to this petition was overruled. Defendant answered, first, a general denial; second, plaintiff's crops were not inclosed by a sufficient and legal fence; third, said crops were not inclosed by any fence. During the progress of the trial plaintiff on leave made two amendments to his petition, alleging that the board of commissioners of Cowley county, on the 1st of April 1872, made and published an order, as authorized by ch. 193, laws of 1872, directing that "from and after the 4th of May 1872 no horses, mules, asses, sheep, or neat cattle, of any age, shall be allowed to run at large within the bounds of Cowley county." Said order was given in evidence by the plaintiff, over defendant's objection. The bill of exceptions does not purport to con-

tain all the evidence, nor all the instructions. The jury returned a verdict in favor of the plaintiff, assessing his damages at twelve dollars. New trial refused, and *Davis* brings the case here on error.

*Pryor & Kager*, for plaintiff in error:

1. It was error to force the defendant below to trial before a judge *pro tem.* There is no provision for selecting a judge *pro tem.*, because the judge *pro tem.* acting at the time is counsel in the case, when the regular judge is qualified, but merely absent. Every party litigant has the right to have his case tried before a judge duly elected or appointed, and cannot be compelled to have his case tried before a judge *pro tem.* Laws of 1870, ch. 87, §2; *K. P. Rly. Co. v. Reynolds*, 8 Kas., 623. A judge *pro tem.* would (in such case) be a mere arbitrator; and if a judge *pro tem.* can be forced upon a litigant party, he may be compelled to have his cause tried before his most bitter enemy.

2. On appeal a case shall be tried *de novo* in the district court upon the original papers. Laws of 1870, ch. 88, § 7. The defendant below did all that he was required to do in appeal cases, and it was his right to have the case tried upon the original papers. The court may allow amended pleadings to be made, or new pleadings to be filed, but they must be substantially the same as the original. The appellant has the right to have the case tried that he appealed, and it is error for the appellate court to allow new or amended pleadings to be filed substantially different from the original pleadings upon which the case was tried in the court below. (13 Ohio St., 572; Civil code, § 132.) The amendment changed substantially the cause of action, and was error. Code, § 139; 1 Kas., 418; 2 Kas., 445.

3. The court erred in overruling the first demurrer. *Larkin v. Taylor*, 5 Kas., 434. If the plaintiff relied upon an order of the board of county commissioners directing what animals should not run at large, and so dispensing with the

necessity of protecting his crops by a sufficient fence, it was necessary for him to plead such order.

Then again, after having amended his petition by pleading such order of the board of commissioners, it was error to overrule the demurrer to such amended petition. The order of the county commissioners was neither a public nor private statute or law, nor anything of which the court would take judicial notice, and it was incumbent on the plaintiff to plead it at length, or according to its legal effect, not his conclusions or inferences drawn therefrom. Not having done so the petition did not state facts constituting a cause of action. (Seney's Code, 105, 42 and 101; 1 Chitty's Pl., 220.) It was also necessary for him to plead everything necessary to bring himself within the provisions of said order, to-wit: that the order was in force at the time of the alleged trespass; that the animals that committed the trespass were taken up by the plaintiff; that they were in his custody; that he notified the owners of said animals of said fact; and it must also appear that the action was commenced against the owner for damages within five days after taking said animals. (Laws of 1872, ch. 193, p. 384; Civil code, § 87.) The statute provides for a lien, and the enforcement of that lien, if the county commissioners say so. Where a statute prescribes a right, and a remedy for the enforcement of that right, that remedy only can be pursued. (5 Kas., 70; Civil code, § 729.)

The "Herd Law," ch. 193, laws of 1872, is unconstitutional and void. The legislative power of the state is vested in a house of representatives and a senate. (Art. 2, Const., § 1.) The legislature may confer upon tribunals transacting the county business of the several counties such power of local legislation as it shall deem expedient. (Art. 2, § 21.) All laws of a general nature shall have a uniform operation throughout the state. (Art. 2, § 17; *Darling v. Rodgers*, 7 Kas., 592.) The legislature cannot confer upon county tribunals the power to repeal an act of the legislature. It would be delegating the legislative power, which cannot be done. 11 Ohio, 534, 542; 15 Ohio St., 573, 591; 7 Kas., 88, 479.

The general fence law must have a uniform operation throughout the state, and the legislature cannot delegate the power to the county commissioners to virtually repeal that law. The herd law of 1872, and the fence law, are so inconsistent with each other that both cannot exist at the same time. The order of the county commissioners being inconsistent with the general fence law, is of no force or effect. It is void, a mere nullity. The legislature cannot make such law, much less the county commissioners. *Darling v. Rogers,* 7 Kas., 600.

4. The court erred in allowing plaintiff to amend his petition on the trial. At the time of filing his original petition (as shown by the record) Davis claimed such petition was substantially the same as his bill of particulars before the justice from whose decision the appeal was taken. Then, to allow plaintiff to plead still further, was really appealing one case, and putting and trying another, in what should be the appellate court, which was error. Civil code, § 122; Laws of 1870, ch. 88, § 7.

Again, when the amendments were made the jury had been sworn, and part of the testimony heard by the jury upon the issues as joined. The jury should have been discharged, or resworn, and challenges for cause and also peremptory challenges. (Seney's Code, 30, 181.)

5. The court erred in refusing to grant a continuance. The original papers being lost, defendant was entitled to a continuance of course on the filing of the original petition, being entitled to twenty days to answer the same. This was denied. Then when the demurrer to said petition was overruled, the defendant was entitled to time to answer — to 20 days, if the petition was in fact a new pleading, (Code, §§ 105, 137; 3 Kas., 206,) and to 10 days if it was a mere amendment and a material one, (6 Kas., 192.) And when after plaintiff's amendments, setting up the herd law, and the order of the county commissioners — thus clearly changing the cause of action — it was an abuse of discretion to refuse a continuance.

Again: After the *first* amendment asked by plaintiff had been allowed, defendant interposed a general demurrer to the petition as amended, and this demurrer *was sustained*, and plaintiff remedied the defect by another amendment—and the defendant was *entitled* to twenty days from the filing of the amendment to the petition in which to file his answer thereto, and it was error for the court to refuse it. Code, §§ 105, 137; 3 Kas., 205.

6. The court should have imposed costs as terms of amendment, (Civil code, §§ 137, 141,) and it was error to refuse to do so.

7. It was for the court to determine whether a herd law was in force, and to instruct the jury as to the law of the case; and it was error to submit the question whether the herd law was in force to the jury, it was erroneous and prejudicial. (5 Kas., 608.) There being no affidavit of publication, nor time when the order was to take effect, it was not in force. But if the order had been regularly passed, then it would have been unconstitutional and void, as being inconsistent with fence laws. The defendant's instructions offered and refused stated the law of the case, and should have been given. 5 Kas., 433.

8. The instructions of the court should have been in writing. Oral instructions are not allowed. Code, § 275; Laws of 1872, p. 329, § 1.

9. The court erred in admitting evidence as to the difference between the piece of corn alleged to be injured, and an adjoining piece, to establish the damages. And the court erred in rejecting evidence offered by defendant to show that the cattle of other persons committed the injuries complained of by plaintiff.

*Leland J. Webb,* for defendant in error. (No brief filed.)

The opinion of the court was delivered by

BREWER, J.: This is an action to reverse a judgment of the district court of Cowley county. Plaintiff in error was

defendant below, and appears from the record to have objected to every proceeding in the district court. Finding it recorded in the earliest law book that "in the multitude of counselers there is safety," he seems to have thought that in a multitude of exceptions there is hope. His main objection seems to have been to the fact of a trial, as between the time the case was called for trial and the rendition of the verdict he made eight applications for postponement, or continuance. We shall not attempt to discuss all the points made in the brief, but will notice the more important. And the first question to be noticed is an objection to the judge who tried the case. The regular district judge had left before all the cases on the docket had been reached for trial, and a judge *pro tem.* had been duly elected. By him all the cases but this had been disposed of. He was one of the counsel in this. Thereupon the parties not being able to agree, the members of the bar present elected another attorney judge *pro tem.* for this case. To this plaintiff in error objected. This objection was not well taken. He made no application for a change of venue, so as to bring himself within the rule laid down in *K. P. Rly. Co. v. Reynolds*; 8 Kas., 623. Defendant in error was entitled to a trial at that term. If the regular judge was absent a judge *pro tem.* was proper, and the method procured to obtain one was the method prescribed by the statute.

II. The case was originally brought before a justice of the peace, and taken on appeal to the district court. And plaintiff in error insists that he had a right to have the case tried upon the original papers. This may all be true; but the original papers were lost, and the parties were unable to agree as to their contents, so the court properly directed each party to prepare and file new pleadings.

III. After the new petition had been prepared and filed, and during the progress of the trial; the plaintiff by leave of the court twice amended his petition. After the filing of the petition, and after each amendment, defendant insisted upon time to answer, but was required to plead forthwith. Several applications were made for a continuance, one being

made made upon affidavit. These, and kindred matters, are committed largely to the discretion of the trial court. It must appear that that discretion has been abused before a reversal can be ordered. Little or none of the testimony given on the trial is preserved in the record; and though it is unusual to permit a pleading to be twice amended during a trial without imposing any terms, of costs, or continuance, still, considering the nature of the case, the nature of the amendments, and the amount in controversy, we do not feel warranted in holding that there was any such abuse of discretion as would justify us in reversing the judgment.

IV. It is claimed that there was error in overruling the demurrer to the petition. We think not. The petition alleged in substance that the cattle of defendant trespassed upon the lands and crops of plaintiff in the county, and destroyed growing corn belonging to plaintiff, whereby he sustained damage in the sum of twenty dollars. We think this petition good as against any objection that could be raised on dumurrer. *Larkin v. Taylor*, 5 Kas., 434.

V. After the jury had been sworn, and the case partially tried, defendant moved for a change of venue, and filed an affidavit charging bias and prejudice on the part of the judge. This application was too late. A party cannot, after a case has been partially tried before a jury, prevent a verdict by swearing that the judge is prejudiced against him.

VI. So far as any questions are made upon the admission and rejection of testimony, it is enough to say that it is impossible to determine its relevancy or materiality without the other testimony in the case. The testimony rejected, though competent, may have been, in the light of the facts and circumstances already in evidence, wholly irrelevant, and therefore properly rejected. Certain testimony was also admitted over the objection of the defendant. No ground of objection was stated, and ordinarily it will not be deemed error to disregard any such general objection. *Walker v. Armstrong*, 2 Kas., 199; *Wilson v. Fuller*, 9 Kas., 176; *K. P. Rly. Co. v. Pointer*, 9 Kas., 620.

VII. The court it is claimed erred in submitting a question of law to the jury for decision. Of course if he did this, it was error. But if the jury decided that question correctly, how did the defendant suffer prejudice, and wherein were his substantial rights injured? *The State v. Lewis*, 10 Kas., 157. We cannot say that they did or did not apply the law to the facts correctly, until we know what the facts were, and of them we are in ignorance.

VIII. The court gave some instructions to the jury which were not in writing, and to this defendant excepted, or at least claims to have excepted. It is very doubtful whether the language of the record shows that any exception was taken to the manner of giving the instructions. It seems rather to indicate an exception to the instructions themselves. After reciting that the court refused an instruction, to which the defendant excepted, the record proceeds as follows: "The court proceeded further to instruct the jury, which said instructions were not in writing, but oral, to all of which the defendant then and there excepted." But it is unnecessary to decide this question, for conceding that the exception goes to the fact that the instructions were not in writing, still we think it cannot be sustained. The code provides that the court shall give instructions to the jury, "which shall be in writing, and be numbered and signed by the judge, *if required by either party.*" Now it does not appear that defendant made any request prior to the commencement of the charge, to have it reduced to writing, nor indeed at any time; but after the oral instructions had been given, took his exceptions. If a party desires written instructions he must make his request before the instructions are given. The court may charge orally unless written instructions are demanded. A party cannot, after an act which may at the time it is done be properly so done, by simply excepting to the act turn it into an error. An exception merely enables a party to avail himself of a previous error. It does not make the error.

IX. The only remaining point we deem it necessary to notice, is the claim that the herd law of 1872, (Laws 1872,

p. 384,) is unconstitutional, but if not, that the proceedings under it had by the commissioners of Cowley county, were void for want of conformity to its provisions. We do not think that this question is fairly before us on this record. Under the petition the plaintiff might, and, for all there is before us, did, prove a willful or wanton trespass, in which case the question of fence, or fence law would cut no figure. Such a trespass is "not intended to be protected by our fence laws." *Larkin v. Taylor*, 5 Kas., 446. The judgment of the district court will be affirmed.

All the Justices concurring.