HENRY HEGWER v. G. B. KIFF, *et al.*

CHANGE OF PLACE OF TRIAL; *Application, not too Late.* The regular judge of the district court having been of counsel in several cases, and therefore disqualified to sit in the trial thereof, on motion of a member of the bar a *pro tem.* judge was elected. Neither counsel nor client in this case appears by the record to have participated in such election, or to have been present or consented thereto. *Held,* That an application for a change of the place of trial to another district was not too late when made at the time the case was called for trial by the *pro tem.* judge.

*Error from Reno District Court.*

ACTION by *Kiff* and others against *Hegwer*, upon a promissory note. At the special July Term, 1883, the defendant moved to have the place of trial changed to some other district, which motion was overruled. This ruling *Hegwer* brings here. The opinion states the facts.

*Zimmerman & Taylor*, for plaintiff in error.

*H. Whiteside*, and *R. A. Campbell*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: But a single question requires notice. Judge Houck, the regular judge of the district court, had been of counsel in many cases standing for trial at the July term, in consequence whereof, on motion of a member of the bar an election was held for the purpose of electing a judge *pro tem.* to try any and all cases in which Judge Houck might be interested, and at such election Hon. A. L. Green was elected *pro tem.* judge. Thereafter, when this case was called for trial, counsel moved to have the place of trial changed to some other district, on the ground that Judge Houck had been of counsel and was therefore disqualified to sit. This motion was overruled, and this is the error complained of.

That when the district judge is disqualified to sit in the trial of any case it is his duty, upon the application of either party, to change the place of trial to some other district, has

been settled, and is not questioned. (*Rld. Co. v. Reynolds*, 8 Kas. 623.) But the contention is that the plaintiff in error was too late in his application; that it should have been made at or before the election of the *pro tem.* judge. We think this is a mistake. It does not appear from the record that either counsel or client in this case participated in such election, or was present or assented thereto. Now the right of a party to a change of the place of trial cannot be taken away by the action of others. It is a personal right, of which he can be deprived only by his own action. Unless he personally, or by his counsel, participates in the election of the *pro tem.* judge, he has done nothing to waive his right. And even if his counsel were present and participated, it would be doubtful whether such participation was a waiver of the right, unless this case was expressly named. The action of counsel might well be considered as an exercise of his privilege as a member of the bar, and not as the waiver of any rights of clients for whom he might appear in any particular case.

It is however unnecessary to determine that question, for as the record stands there is nothing to show that they were either present or participated in the election. There is nothing in the cases of *Davis v. Wilson*, 11 Kas. 80, or *Higby v. Ayres*, 14 id. 338, opposed to these views, for in neither of them was presented any application for a change of venue.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.