H. F. LONGWORTH v. HENRY JOHNSON et al.
No. 12,904.   (71 Pac. 259.)

66  193
66  245
d66  734
f66  765

66  193
68  147

66  193
70  813

SYLLABUS BY THE COURT.

1. TAXATION—*Rents and Profits.* In an action to recover the possession of real estate from one holding under a voidable tax deed, rents and profits may be set off against the taxes paid. ( *Will v. Ritchie*, 61 Kan. 715, 60 Pac. 734.)

2. ———— *Ejectment—Tender.* The law in force when this action was commenced did not require the plaintiff to make a tender of the taxes before commencing his action for possession.

Error from Graham district court; CHARLES W. SMITH, judge.   Opinion filed January 10, 1903.   Affirmed.

*George W. Jones*, for plaintiff in error.

*W. B. Ham*, for defendants in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff, while in possession under a tax deed, brought his action against Henry Johnson and Mollie C. Nolan to quiet his title to certain land in Graham county, Kansas. H. G. Dowie, as owner, interpleaded in ejectment. The plaintiff dismissed his action to quiet the title, and answered Dowie's cross-petition by setting up his tax deed and asking that the taxes, interest and charges paid by him be declared a lien on the property. To this Dowie pleaded, by way of set-off, rents and profits received by plaintiff while in possession under the tax deed. The defendants, Johnson and Nolan, defaulted. The tax deed was set aside and judgment rendered for Dowie for possession of the land and for rents and profits, less the amount of taxes, interest and costs, paid by plaintiff, and for costs. Possession

was not to be surrendered, however, until the excess of taxes, over and above the rents, was paid.

It is contended by plaintiff in error that, in an action of ejectment against one in possession under a voidable tax deed, rents and profits cannot be set off against the taxes.    Our attention is called to the following cases as authority for this position: *Hoffmire v. Rice*, 22 Kan. 749; *Rose v. Newman*, 47 id. 18, 27 Pac. 181; *Uhl v. Small*, 54 id. 651, 39 Pac. 178.    This precise question was before this court in *Will v. Ritchie*, 61 Kan. 715, 60 Pac. 734.    The cases relied on by plaintiff in error were there cited.    It was there clearly shown that such cases are not applicable or decisive of the question.    It was held:

"The holder of a tax deed in possession of land is liable to the owner of the legal title for rents of the property accrued during the pendency of an action brought by the tax-deed holder to quiet his title, and prior to a judgment in favor of the defendant in the suit adjudging the tax deed to be invalid."

We are entirely satisfied with the reasoning and conclusion of that case.

There was no evidence to sustain the contention of plaintiff that he had purchased the land.    The court, therefore, committed no error in instructing the jury to that effect.

The plaintiff in error, relying on *Elias Shelton v. Jeremiah Dunn*, 6 Kan. 128, contends that an action in ejectment will not lie against one in possession under a voidable tax deed until after a tender of the taxes. This decision was based on section 11 of chapter 198, Compiled Laws of 1862, which provides that under certain conditions no action to recover possession of lands sold for taxes can be maintained until a tender of the taxes shall be made.    This statute is not now in force.    A tender of taxes is not a prerequisite to an

action to recover real property. (*Coe v. Farwell*, 24 Kan. 566.)

The court below taxed all costs to plaintiff. The costs should have been divided. The judgment is remanded, with instructions to divide the costs equally. In all other respects it is affirmed, and the costs of this court are divided equally.

All the Justices concurring.