Kennett v. Van Tassell.

HANNAH KENNETT v. HENRY VAN TASSELL.

No. 13,966.   (79 Pac. 665.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Review of Amendments to Pleadings.* The allowance of amendments to pleadings is a matter that rests in the sound discretion of the trial court, and its action can be reviewed only when it clearly appears that such discretion was abused.

Error from Cloud district court; HUGH ALEXANDER, judge. Opinion filed February 11, 1905. Modified and affirmed.

*Kennett & Peck*, for plaintiff in error.

*Theodore Laing*, for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: This was an action in ejectment. In his original petition the plaintiff described a fraction of lot 23, of block 126, in the city of Concordia, as the property to be recovered. The description was long and unusual. The answer-day, as fixed by the summons, was May 9, 1902. The defendant,

by leave of court, on June 16, 1902, filed a disclaimer. On September 2, 1902, at the first session of the district court after the filing of the petition, the plaintiff, by motion, asked leave to amend his petition by striking out the word "twenty-six" and inserting the word "thirty-six" in lieu thereof, thus changing the description of the property to a fraction of a lot in block 136 instead of in block 126. The court allowed the motion without further evidence than the records of the case and the motion itself, which was not verified. This is the first error complained of. The defendant, by her answer, had disclaimed any interest in the property as described in block 126, and there is nothing to intimate that he had any interest in property thus described. He, so far at least as the defendant was concerned, disclaimed any interest therein by his motion.

Where no injustice is done to the prejudice of the complaining party, there is no rule as to the exactness of evidence necessary to guide the court in the exercise of its discretion in allowing or refusing amendments to pleadings. The subsequent proceedings in this case, at least, show that the court made no mistake, and that the amendment was in the furtherance of justice. It is evident that the plaintiff brought the action to recover the lot as described in the amended petition and not as originally described. The amendment corrected a mistake and did not set up a new cause of action. The case is quite similar in this respect to *K. P. Rly. Co. v. Kunkel*, 17 Kan. 145, and also in that the allowance of the amendment, in each case, made the statute of limitations unavailable as a defense under circumstances where it ought not to be interposed. We cannot say that the court abused its decretion.

The second alleged error relates to the apportion-

ment of the sewer tax.   As no evidence is brought up in the record, and as the court made no finding as to what portion, if any, of the lot in question abutted upon the sewer, this question is not properly before us for review.

The only other error complained of is in the adjudication of costs.   Upon the only issue presented by the pleadings for trial the plaintiff recovered judgment, and the court could not do otherwise than award him costs.   Whether any additional costs were made in adjudicating the matters not covered by the pleadings, which were determined by the request and agreement of the parties, the record does not disclose.   As additional evidence must have been offered to justify the additional findings of fact and conclusions of law it is to be presumed that additional costs were incurred, which the defendant should recover.

The cause is remanded, with instructions to apportion the costs in accordance with the views herein expressed.   (*Longworth v. Johnson*, 66 Kan. 193, 71 Pac. 259.)   In all other respects the judgment is affirmed. The costs of this court are divided equally.

All the Justices concurring.