[No. 4867.]

## DIMPFEL V. BEAM.

1. **Statutory Construction—Amendment to Statute—Effect.**

Where a section in an existing law is amended in the mode prescribed by the constitution, it ceases to exist, and the section as amended supersedes the original.—P. 28.

2. **Taxes and Taxation—Tax Deed—Statutory Construction— Statute Amended.**

Mills' Ann. Stats., § 3900, authorizing the issuance of a tax deed to a county, upon demand of the county clerk at any time after three years from the date of a tax sale, was superseded by 3 Mills' (Rev.) Stats., § 3900, which takes away the right of a county to accept a tax deed and authorizes the treasurer to assign the certificate of purchase to other parties under certain conditions, and therefore a deed made to a county after the latter act went into effect is a nullity.—P. 28.

3. **Same—Action to Quiet Title—Tax Deed Void on Face— Limitation of Actions.**

Where the holder of a tax deed, void on its face, brings an action to quiet title, and the defendant alleges ownership by conveyance from the patentee, the former cannot plead the statute of limitation on the ground of having been in possession under the tax deed for four years, since the statute does not apply where a deed is void on its face.—P. 28.

4. **Same—Pleading—Counter-claim—Set-off.**

Where one holds possession under a void tax deed, rents and profits may be offset against taxes paid by him.—P. 28.

*Appeal from the District Court of Gunnison County.*
*Hon. Théron Stevens, Judge.*

Action to quiet title by Thomas L. Beam against

W. O'Sullivan Dimpfel.    From a judgment for plaintiff, defendant appeals.

*Reversed and remanded with instructions.*

Mr. S. S. SHERMAN and Mr. BEN GRIFFITH, for appellant.

Mr. G. D. BARDWELL, for appellee.

This is an action by appellee, as plaintiff, to remove a cloud from the title to the Bourbon County lode mining claim, situate in Hinsdale county, Colorado, he claiming title thereto through and by virtue of a certain tax deed.   The appellant, defendant below, claims title to the premises under a conveyance from the patentee of the government, which vested in him the fee title to the premises.   The facts disclosed by the record that are pertinent to the inquiry presented for our consideration, are as follows:

The property was subject to taxation for the year 1888, and the taxes assessed thereon for that year remaining due and unpaid on the 31st day of July, 1889, the county treasurer offered the property for sale, and struck the same off to the county for the amount of taxes due thereon.   The property being unredeemed from such sale for more than three years, the county treasurer executed a deed to the county on the 10th day of October, 1893, reciting as a consideration therefor the tax of 1888, and the subsequent taxes on said property to the amount of $32.37.   On the 15th day of January, 1902, the county commissioners, in their individual names, executed a deed to the appellee for the premises for and in consideration of the sum of $60 by him then and there paid.   No taxes were assessed against this property from 1893 until the year 1902.   In 1903 the appellant paid this tax, and also the tax for the year 1903.

The appellee testified that he went upon the property for the first time about July or August, 1903, and took out and shipped 17,920 pounds of ore of the value of $21.48 per ton, and gathered up five or six tons more from the surface, and that he had not been on the property since. The appellee attempted in his replication to plead the five-year statute of limitation (Mills' Ann. Stats., § 3904).

Mr. JUSTICE GODDARD delivered the opinion of the court:

The controlling question is whether the tax deed issued to the county is valid, and vested the title to the premises in the county. Upon the trial below, the defendant objected to the introduction of the deed, because of its invalidity for several reasons appearing upon its face, among them the want of power in the county to take or receive the same.

In the view we take of this particular objection, it becomes unnecessary to consider whether the other objections were well taken or not. By the statute enacted in 1885, Session Laws, p. 323 (Mills' Ann. Stats., § 3900), the issuance of a tax deed to a county was authorized upon demand of the county clerk at any time after three years from the date of sale, and in pursuance of a certificate of purchase for land bid off by the county. This statute was amended by an act, approved April 8, 1893, whereby the right of a county to take a tax deed was taken away, and in lieu thereof the county treasurer was authorized to assign the tax sale certificate, upon payment of the amount of the tax with the interest and penalties called for by such certificate, or for such sum as the board of county commissioners at any regular meeting may decide.—Session Laws 1893, p. 428, § 1 (3 Mills' [Rev.] Stats., § 3900); *Lovelace v. Tabor M. & M. Co.*, 29 Colo. 62, 66.

"It is firmly settled that where a section in an existing law is amended in the mode prescribed by the constitution, it ceases to exist, and the section as amended supersedes the original."—*Walsh v. State,* 142 Ind. 357.

The tax deed shows on its face that it was made to Hinsdale county on the 10th day of October, 1893. The statute, as amended, was in force for several months before this date.   The deed, therefore, was a nullity, the statute having taken away, not only the right of the county to receive the deed, but also the power of the county treasurer to make a deed to the county.   The deed being void, it follows that the statute of limitations, if well pleaded, would have constituted no bar to the relief the appellant was entitled to under the allegations of his cross-complaint, it being well settled that the statute of limitations does not apply where the deed is void on its face.— *Crisman v. Johnson,* 23 Colo. 264, 268; *Gomer v. Chaffee,* 6 Colo. 314, 317.

As was said in the latter case:   "It is difficult to see how the statute of limitations can avail a defendant holding a *void* deed.   There was nothing for the statute to operate upon; nothing for it to run in favor of or against; nothing to set it in motion.   The deed was void; it did not give him constructive possession nor the right of actual possession."

In the circumstances of this case, the appellee was not justified in entering upon the property and removing the ore therefrom, and the proceeds of the ore taken by him therefrom should be offset to the extent of the taxes paid by him.   One holding possession under a voidable tax deed, rents and profits may be offset against taxes paid by him.—*Longworth v. Johnson et al.,* 66 Kan. 193.

The judgment is reversed and the cause remanded with directions to the court below to enter a

decree in favor of appellant upon his cross-complaint, declaring null and void the tax deed from the county treasurer of Hinsdale county to said Hinsdale county, and canceling the same of record, and declaring the pretended deed from Hinsdale county to appellee null and void, and canceling the same of record.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.