HENRIETTA MATSON v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

No. 15,822.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Amendment of Petition.* An application to make material amendments to a petition after the evidence has been presented by both parties is an application to the sound discretion of the court, and its ruling upon such an application will not be disturbed unless it appears that such discretion has been abused.

2. —— *Same.* The plaintiff filed her petition in an action to recover damages suffered on account of a fire set out by the defendant. At the trial, after both parties had presented their evidence, the plaintiff requested permission to amend her petition for the purpose of alleging facts constituting an additional element of damages. The request was refused. *Held,* that, it appearing that the plaintiff had full knowledge of such facts when her petition was filed, and no reasonable excuse having been given for not including them therein, the refusal does not constitute an abuse of discretion and was not error.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed June 5, 1909. Affirmed.

*William Keith,* for the plaintiff in error; *Kos Harris,* and *V. Harris,* of counsel.

*M. A. Low, Paul E. Walker,* and *R. R. Vermilion,* for the defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Sedgwick county, in August, 1905, by Henrietta Matson, to recover damages caused by a fire claimed to have been negligently set out by an engine owned and operated by the defendant railway company.

The plaintiff owned grass-land which was used for the purposes of pasture and the production of hay. The railway company operated its railroad over the

plaintiff's land.  On the 15th of March, 1904, a fire was set out by the engine of a freight-train, and burned over about sixty acres of the plaintiff's land.  On the 11th of March, 1905, another fire was set out, which burned over about sixty acres more of plaintiff's meadow.  The ground burned over was the stubble where the grass had been mown.  The petition contained two causes of action, one for each of the fires. The averment as to how the damage was caused reads:

"That by reason of the negligent and careless manner in which said defendant was operating its said railroad as aforesaid, and its failure to properly equip said locomotive or engine with adequate modern appliances to prevent the escape of live sparks and coals of fire from said engine, the grass, mulch and stubble on plaintiff's said premises, located as aforesaid, was ignited and set on fire by and from sparks and coals of fire  .  .  .  emitted or thrown from the locomotive or engine, and  .  .  .  that said defendant then and there carelessly and negligently allowed said fire to spread and burn the grass, stubble and mulch there located on and attached to plaintiff's said premises, and that said fire then burned over and greatly injured sixty acres of grass- and pasture-land, a portion of the property of said plaintiff,  .  .  .  and said fire then and there destroyed and injured said plaintiff's property and land, to her damage in the sum of $150."

The allegations of each cause of action were practically the same.  The railway company filed a general denial.  Upon the trial the plaintiff produced numerous witnesses who testified that such a fire injures the productive capacity of the land and that this land produced less grass the succeeding years than before, and that the market value of the land and of the farm as a whole was materially depreciated by the fire.  Some of the witnesses placed the extent of this depreciation at $2.50 an acre.  The defendant produced numerous witnesses who testified that such fires do not injure the land and that the subsequent crops of grass on this land were as good as before the fire.  The evidence

18—80 KAN.

upon this point presented a sharp conflict, both in quantity and apparent quality.

After the defendant rested its case the plaintiff asked leave of the court to amend the petition so that proof could be made as to the value of the grass destroyed, which was refused. This refusal of the court constitutes the principal error complained of here. The court, in making the order, and as the reason therefor, said:

"The pleadings conform to the proof. There is no evidence in the record as to the value of the hay and grass destroyed.

"The request of plaintiff to amend comes too late. The case having been tried upon the claim of the plaintiff that the damage for which recovery was sought was for injury to the land itself, and defendant's testimony having been directed to refuting this contention of the plaintiff, it would be unfair to now permit plaintiff to amend as requested. This case was not filed until subsequent to the fire of 1905, . . . consequently she was aware of the extent of her damage at the time she filed her suit. The statement of plaintiff's counsel to the jury and his whole contention being that plaintiff sought to recover for damage to the land, and the entire case having been tried upon that theory, it would be unfair to permit an amendment at this time."

The request to amend the petition, made after the evidence of both parties had been submitted to the jury, was a direct appeal to the sound discretion of the court. The plaintiff was not entitled as a matter of right to make the amendment. It has been frequently held by this court that under such circumstances the ruling of the court will not be disturbed unless it be made to appear that it was an abuse of discretion. (*Davis v. Wilson,* 11 Kan. 74; *K. P. Rly. Co. v. Kunkel,* 17 Kan. 145; *L. & C. V. A. L. Rld. Co. v. Small,* 46 Kan. 300; *Kennett v. Van Tassell,* 70 Kan. 811.)

Courts, in order to facilitate the transaction of business, are compelled to require litigants to be diligent and careful in the preparation and presentation of their cases. One party can not be permitted negli-

gently to overlook some important feature in the preparation of his case for trial, and then, when about to suffer the consequences of such negligence, be relieved, to the disadvantage of his adversary, by an appeal to the discretion of the court. Such a practice would lead to intolerable confusion and embarrassment. In this case the plaintiff was fully aware of the loss of the grass burned before the petition was filed. For some reason which does not appear this element of damage was not included in her cause of action, and no attempt was made to establish the value of the grass destroyed. Its importance was not discovered until the defendant had presented its evidence. The defendant had prepared to meet the case stated in the petition. To have permitted the amendment of the petition at that time, as requested, would have introduced a new cause of action and made a retrial of the case necessary. This situation was due to the negligence of the plaintiff in failing to embrace these facts in the petition when it was filed.

This is not a case where new facts are discovered during the trial which could not, by the exercise of reasonable diligence, have been known and pleaded before the trial commenced. It was an omission for which no excuse is offered. Even under such circumstances, if the amendment had been allowed under proper terms, such ruling might have been sustained; but the question here presented is, Was it error to refuse the request to amend? We can not say that under the circumstances shown the court abused its discretion by such refusal.

The averments of the petition seem broad and general enough without amendment to have justified proof of the value of the grass burned, but it does not appear from the abstract that an offer of such proof was made, and therefore the question of its admissibility is not before us and need not be considered. Apparently the plaintiff prepared and presented the case upon the theory that the measure of damages was the difference

in the market value of the farm immediately before and after the fire. During the trial the court inquired of counsel for plaintiff what he claimed the measure of damages to be, to which counsel responded: "Damage to the land itself; injury to the freehold." The case was fully and fairly tried upon this theory. It was incumbent upon the plaintiff to show, by a preponderance of the evidence, that the market value of the land was depreciated on account of the fire. This was not done, and the plaintiff was not entitled to recover anything. The view of the case taken by the plaintiff in this respect is further shown by instructions which the court was requested to give. They read:

"(4) The court instructs the jury that if they find that the defendant is responsible for the respective fires, or either of them, alleged in plaintiff's petition, and for the injury and destruction of plaintiff's property, as alleged, you come then to the last question in the case: 'What was her damage?' Now, if you find that plaintiff has sustained damages, and that defendant is liable for those damages, then you must assess them, and in doing so you may take into consideration the difference, if any, between the fair market value of the land in question just before the fire and such value just after the fire, in each instance, where you find that a fire was set out and defendant is liable therefor, as heretofore instructed; and in no event can you allow plaintiff for damages to this land more than $150 for each of the burns alleged in her amended petition, or $300 in all. But if you find for the plaintiff and allow her damages in either instance, then she will be entitled to a reasonable amount for attorney's fees, in addition to the damages to the land, and it is your duty to find and include in your verdict such an amount for attorney fees, not exceeding $100 in all.

"(5) You are further instructed that if you find for the plaintiff and have occasion to ascertain her damage, as heretofore instructed, then you are at liberty, in weighing the evidence submitted herein as to the value of the land before and after the respective fires, to consider the fertility of said land, the character, quality and quantity of grass and hay that said land was, and is, capable of producing, the value of the use of said

land by the plaintiff before and after the respective fires, for pasturage, as well as the resultant injury, if any, to the roots of the grass, and the effect, if any, of the said fire or fires occasioning said injury or upon subsequent stands of grass and crops of hay upon said land."

These were refused by the court, but instructions practically the same were given, which read:

"(10) You are instructed that the plaintiff in this case sues for damages by reason of the depreciation of the value of her real estate, occasioned by fires communicated by the engines of the defendant company. If you find for plaintiff, you can allow her nothing for the loss of hay or grass or any injury occasioned to the grass upon said land, except as it affects the value of the real estate. To enable you to arrive at a verdict under the issues joined in this case you should find the fair market value of the land before and after the fire, as shown by the evidence, and, if you find that the value of the land was depreciated by reason of the fires, allow the plaintiff the loss occasioned by such depreciation; but if the market value of the land was not affected by the fire, the plaintiff can not be said to be damaged, and you must find for the defendant."

"(12) The plaintiff is not suing in this case for the loss of hay, grass or pasture occasioned by the fire, but only for the injury to the real estate, and you can not consider any loss of hay, grass or pasturage, except for the purpose of enabling you to arrive at the value of the real estate before and after the fire; but for such purpose you have a right and are justified in considering the same."

"(14) If you find for plaintiff, in determining the measure of damages to be allowed you should not allow for difference in the fair market value of the land over which the fires burned, where the ground so burned was irregular in shape and extended over different portions of a quarter-section, but should allow, if at all, for the depreciation in the price of the real estate as a whole— that is, as a quarter-section."

The case was presented to the jury strictly in harmony with the theory upon which it was pleaded and proved by the plaintiff, and we see no error in the proceedings. The judgment is therefore affirmed.