[No. 3382.]

## DALANDER v. HOWELL.

1. NOTICE—*Lis Pendens.* Notice of the pendency of a suit involving title to land, filed after the recording of a conveyance, is no notice to the grantee in such conveyance (Mills Code, sec. 36, Rev. Code, sec. 38).

2. JUDGMENT—*Upon Whom Binding.* A decree quieting title to lands is ·without effect as to one who, not having notice of the pendency of the suit, purchases from a defendant to the cause, by conveyance recorded before the filing of any notice of the pendency of such action.

3. TAX TITLES—*Void Deed.* A treasurer's deed of lands sold for taxes, reciting a sale to the county, and an assignment of the certificate of purchase by the county clerk after the expiration of three years from the date of the sale is void.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr.· AUGUST MUNTZING, Mr. EGBERT MORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

Judgment affirmed.

WALLING, Judge.

This action was brought by the appellee, to quiet his title to two quarter sections of land in Washington county, against the appellant and others. The *prima facie* sufficiency of the proof introduced by the plaintiff, at the trial, to support the judgment in his favor, is not disputed by appellant. But it is claimed that the court erred in rejecting evidence offered on the side of the defendant, in support of the defenses pleaded in the answer. This evidence consisted of, first, the record of an action commenced in the county court of Washington county on July 7th, 1906, wherein Frederick H. Davis and Charles T. Kountze were plaintiffs, and W. H. Lanning, trustee, W. H. Carnahan, and others, were defendants, which appears to have been likewise an action to quiet the alleged title of the plaintiffs therein to the identical lands here in controversy; and, second, two instruments, purporting to be treasurer's deeds conveying to Frederick H. Davis and Charles T. Kountze the two quarter sections of land in question, that is to say, one deed, dated and recorded January 26th, 1901, for the northwest quarter of section 17, township 2 north, range 50 west, and the other, dated and recorded on the same date, for the northwest quarter of section 25, township 2 north, range 51 west, each of those deeds appearing from its recitals to be based upon a sale of the land therein described for taxes, as stated hereafter.

1. It appeared from the record of the action in the county court, between Davis and Kountze, plaintiffs, and Lanning, Carnahan, and others, defendants, that the plaintiffs therein recovered a judgment against all of the defendants, whereby it was

adjudged that the plaintiffs in that action were the owners in fee simple of the land here in controversy, and that the defendants therein had no right, title or interest to or in the same, etc. Neither appellant nor appellee was a party to that action, and no attempt was made on the part of appellant to show any privity with the plaintiffs in the county court action, when, or at any time after, it was commenced. The following facts, however, do appear from the bill of exceptions: Frederick H. Davis and Charles T. Kountze executed a special warranty deed, dated November 7th, 1905, conveying the same land to John Anderson and E. P. Dalander, which deed was recorded on December 8th, 1905, and it is admitted that afterwards Dalander succeeded to all the title of Anderson. Appellee claimed title to the land through a deed from Carnahan, one of the parties defendant to the action of Davis and Kountze in the county court, which deed was filed for record in the office of the recorder of Washington county on July 19th, 1906; while a notice of the pendency of the action of Davis and Kountze mentioned was filed in the same office on July 20th, 1906, and the judgment in that action was rendered October 3rd, 1906. It therefore appeared from the evidence in the case before us that appellee was a purchaser of the land pending the action in the county court, and there was no effort made to prove that he had actual notice of that action. The notice of suit pending, which was filed after his title was recorded, was of no avail to charge him with constructive notice. Mills' Ann. Code, sec. 36. In fine, there was nothing upon the face of the proceedings in the county court, and there was no proof *aliunde,* which could

make the judgment of the latter court competent evidence as between appellant and appellee.

2. It appears from the recitals contained in the supposed treasurer's deeds, which were offered as evidence by the defendant, that each was based upon a sale of the land therein described to the county of Washington on the 21st day of October, 1895, and the assignment of the respective certificates of sale by the county, "by its county clerk," to the grantees, on December 31st, 1900, and January 2nd, 1901. It has been frequently held that the recital in a treasurer's deed of the assignment of the tax sale certificate of purchase by the county clerk, after the expiration of three years from the date of the sale to the county, is fatal to the validity of the deed. The tax deeds were therefore properly excluded. *Empire etc. Co. v. Coldren,* 117 Pac., 1005. *Lambert v. Murray,* 120 Pac., 415. *Dimpfel v. Beam,* 41 Colo., 25.

The judgment will be affirmed.     *Affirmed.*