No. 23,998.

LILLY MACY, *Appellée*, v. THE CITY OF ROSEDALE, *Appellant*.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Defective Sidewalk—Belated Amendment to Petition—Motion for Continuance—Judicial Discretion.* Where a petition in an action for damages for personal injuries recites in detail all the plaintiff's injuries, the allowance, during the trial, of an amendment alleging that plaintiff's earning power had been reduced or destroyed was within the trial court's discretion; and the granting or refusal of a continuance on account of such amendment was similarly addressed to the trial court's discretion.

2. SAME—*Motion for Continuance—Insufficient Showing.* It is not necessarily error for a trial court to refuse a continuance on the mere filing of an affidavit alleging surprise at the allegations of fact set forth in a belated amendment to a petition and alleging the affiant's inability to produce evidence to controvert them. Either in such affidavit or in the motion for a new trial some showing should be made that evidence would be forthcoming to contradict the testimony adduced in support of the allegations contained in the belated amendment.

3. SAME—*Existence of Sidewalk—Contradictory Evidence.* The evidence examined, and held to show the existence of a sidewalk which caused plaintiff's injuries at the time and place alleged by her; and the fact that there was persuasive evidence to the contrary, to which the jury gave no credence, raises no reversible error on appeal.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed December 9, 1922. Affirmed.

*H. J. Smith, William Drennan, Williard M. Benton, Louis R. Gates, Joseph A. Lynch,* and *A. B. McWilliams,* all of Kansas City, for the appellant.

*Arthur J. Stanley, Guy E. Stanley,* both of Kansas City, and *T. A. Milton,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff recovered damages against the city of Rosedale because of injuries she sustained in being tripped and thrown by a defective sidewalk.

The city assigns error in permitting the plaintiff to amend her petition during the trial so as to introduce an allegation that her earning power had been reduced or destroyed by reason of her injuries. But the city's physician had examined the plaintiff's injuries a month before the trial, and when he testified he avoided a direct answer to the question whether her injury was a lasting or perma-

Macy v. City of Rosedale.

nent one, merely saying: "I believe usually those conditions are cured by proper treatment." It thus appears that the city had its own sources of information touching the extent of plaintiff's injuries long before the trial, and it cannot be said that the allowance of this amendment was prejudicial. In such cases the allowance of belated amendments to pleadings is within the sound discretion of the trial court. (*Bank v. Badders*, 96 Kan. 533, 536, 152 Pac. 651.)

Another amendment to the petition changed the amount of damages demanded from $10,000 to $20,000, to which the defendant also objected; but as the verdict and judgment were for $4,500, this particular amendment wrought no prejudice to defendant.

When the foregoing amendments were allowed, defendant moved for a continuance and filed an affidavit in support of the motion. The affidavit recited that the amendment to plaintiff's petition took defendant by surprise:

"That this defendant had made no preparation to refute any testimony offered as to the great and excruciating pain on account of said injuries; that this defendant has had no opportunity to obtain any evidence whatever as to the previous earning capacity of the plaintiff or the present earning capacity of the plaintiff, and the time during the trial is not sufficient to permit this defendant to obtain such evidence, and this defendant therefore is unable to continue in the trial of this case in consequence thereof; that the allegations complained of materially change the cause of action and introduce new elements into the same, upon which this defendant has had no opportunity to secure evidence."

The motion for a continuance was denied, the trial court ruling—

"I think it don't change the issues in any respect as I can see. The only thing it changes is the measure of damages, and the injuries have all been set out, everything that they claim, everything that was proven was set out in the pleadings. Now as to what her damages might be, you were just as able to show at the time the petition is filed as you would be now."

We are not prepared to hold that this ruling was erroneous. (*Davis v. Wilson*, 11 Kan. 74, syl. ¶ 3.) Defendant argues that it did not know that plaintiff was a widow and dependent upon her own labor for the support of herself and child. But nearly a year elapsed between the time the plaintiff made her demand on the city for damages and the time the case was tried, and the defendant had ample time to gather information concerning the woman. With diligence defendant could have readily ascertained that she was a widow with one child, and that she had to earn her livelihood. Moreover, it cannot be said that the issues were changed; the allegation

that plaintiff's earning power was destroyed was rather an elaboration of her pleadings of injuries and damages than the introduction of a new element thereto. (*Thompson v. Machine Co.*, 94 Kan. 453, syl. ¶ 2, 146 Pac. 1188; 13 C. J. 173.) Her original petition alleged:

"That her right ankle was bruised, sprained, wounded and contused. Her right knee was bruised and wounded, and the patella thereof was injured. Her right hip was wounded, bruised and contused, and the muscles, ligaments and tendons thereof were injured, wrenched and strained. Her back was injured and wounded, and her spine was wrenched and the ligaments, tendons and nerves in and about the small of her back were torn loose and wounded, bruised and contused, and she was caused to suffer a severe nervous shock; and the wound on her back has so caused her kidneys to become disordered until they do not perform their usual functions. She was caused to suffer a severe nervous shock and other internal injuries, at this time to plaintiff unknown, and for that reason not herein set out; and that her injuries are permanent and lasting." ·

We have carefully reread *Matson v. Railway Co.*, 80 Kan. 272, 102 Pac. 254, which defendant presses upon our attention, and to its soundness we still adhere, but there the court was asked to reverse a ruling where the trial court in the exercise of its discretion refused to allow a belated amendment introducing a new and additional element of damages, while here we are asked to reverse a ruling of the trial court where in the exercise of its discretion it has allowed an amendment and refused a continuance. There is a further and seemingly conclusive answer to this assignment of error. If it be conceded that the amendment to plaintiff's petition introduced a new element of damage which took the defendant by surprise, and which with further time the defendant could have met and defeated by opposing evidence, some showing to that effect should have been made. But defendant's motion and affidavit gave no intimation that with more time it would be able to meet and controvert the matters alleged in the amendment, nor was any such showing made when the motion for a new trial was presented. Indeed, it is not argued that any opposing evidence was or yet is available to controvert the allegations of the amendment and the evidence adduced in support thereof.

A final contention is that the verdict was contrary to the evidence. This is based on the rather persuasive showing made by defendant that there was no sidewalk at the place where the plaintiff alleged that she was injured; that it had been removed in April, "along in April or May," while the alleged accident and injury to plaintiff

occurred on June 12. But the woman testified to her injuries caused by the defective sidewalk. Appellant abstracts her testimony, in part, thus:

"That on the 12th day of June, 1920, she went to Rosedale, Kansas, . . . That she was accompanied by her daughter . . . that on 45th Street on the north side of the street in the city of Rosedale, Kansas, . . . she and her daughter walked on a board sidewalk; that her daughter had hold of her hand; that her daughter stepped on the end of a board and the board flew up and tripped her and she fell and her knee hit the stringer of the sidewalk . . ."

The existence or nonexistence of the sidewalk was a jury question, not one for an appellate court's determination. (*Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057.)

The record discloses no error to justify our disturbance of the judgment, and it is therefore affirmed.